Swift et al. *v.* Whitney et al.   Same *v.* Marsh.

RICHARD K. SWIFT and JAMES S. JOHNSON, impleaded with Lyman P. Swift, Appellants, *v.* JAMES B. WHITNEY *et al.*, Appellees.

THE SAME, Appellants, *v.* GEORGE B. MARSH, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

Where there are various objections to testimony, some of which may be removed, the party objecting must indicate his grounds, so as to furnish the opposite party an opportunity to obviate the objection, else he cannot avail himself of it in this court.

Certificates of deposit are admissible as evidence under the common counts.

The court may assess damages on a certificate of deposit, payable in currency.

THE facts of these cases are stated in the opinion of the court. The causes were tried before J. M. WILSON, Judge of the Common Pleas, at January term, 1858.

SCATES, McALLISTER, JEWETT & PEABODY, for Appellants.

E. R. HOOPER, and JOHN M. S. CAUSIN, for Appellees.

WALKER, J.   These cases present the same questions, and will be considered together in our opinion.   The plaintiffs sued out summons in assumpsit from the Cook County Court of Common Pleas, which was served on Richard K. Swift and James S. Johnson, Lyman P. Swift not being found.   In each case, the common counts only were in the record, when the judgment was rendered by default against the defendants, who had been served.   The court assessed the damages severally on the instruments, as follows:

No. 169.              RICHARD K. SWIFT, BROTHER & JOHNSTON,
                                    *Chicago, Nov. 18th,* 1857.

Received from Whitney & Haven four hundred and seventy-seven 23-100 dollars, payable, in currency, to the bearer hereof, for account of certified checks.

                          R. K. SWIFT, BROTHER & JOHNSTON,
                                    Per R. C. WRIGHT.

No. A. 262,                    SAVINGS DEPARTMENT OF R. K. SWIFT,
STATE OF ILLINOIS.             BROTHER & JOHNSTON, BANKERS.
                                    *Chicago, August* 8, 1857.

G. B. Marsh has deposited with us three hundred dollars in funds, as stated below, to the credit of himself, to be paid in like funds to his order hereon.

Currency, $300              R. K. SWIFT, BROTHER & JOHNSTON,
Gold,                                By B. B. CHAMBERS.
          ——
          $300

The objection is urged that these instruments were not admissible under the common counts, without their execution having been proved. This court has held that, " where various objections may be made to evidence, some of which may be removed by other proof, the party making the objections ought to point out specifically those he insists on, and thereby put the adverse party on his guard, and afford him an opportunity to obviate them. He ought not to be permitted, after interposing a general objection, to insist on particular objections in this court, which, if they had been suggested in the court below, might have been instantly removed. A due regard to the character of the courts and the rights of suitors, will not for a moment tolerate such a practice." *Sargent* v. *Kellogg*, 5 Gil. R. 281. And the same doctrine is laid down in the case of *Russell* v. *Whitesides*, 4 Scam. R. 11. These cases are decisive of this point. The bill of exceptions does not show that the objection was made in the court below, and it cannot be taken here for the first time.

It was objected that these instruments were not admissible as evidence under the common counts. This depends upon whether they are promissory notes. It is the well established doctrine, in England and this country, that bills of exchange between the drawer and payee, and promissory notes, are evidence, under the counts for money lent, and for money had and received, and money paid for the use of defendant. Chitty on Bills, 578, and authorities cited. While this is the law, it is not usual, in practice, to rely alone on the common counts, and where they are relied on, the plaintiff should be required to file a copy of the note or bill ten days before the term, or the court should grant a continuance, if asked for, otherwise it might operate as a surprise, and work great injustice to the defendant. It has also been held that, when introduced under the common counts, the defendant may rebut the presumption that the note or bill was given for money lent, money had and received, or money paid, and that it was for some other consideration. These instruments are given to the persons of whom the consideration was received ; one was payable to his order, and the other to bearer, and were payable in currency. They seem to possess all the requisites of a promissory note. They specify the amount to be paid, the person to whom payable, are payable on delivery, and without any contingency, and in currency. They might, undoubtedly, have been negotiable under our statute, if not by the law merchant. We are, therefore, satisfied that they were admissible under the common counts. The question whether the court could assess the damages, depends upon

whether currency has a fixed or fluctuating value. By the term currency is understood bank bills, or other paper money issued by authority, which pass as and for coin. And it is the well recognized doctrine that a tender in such bills, in discharge of a money debt, is good, if not refused because it is not in coin. *Snow* v. *Perry*, 9 Pick. R. 539; *Towson* v. *The Havre de Grace Bank*, 6 Har. & J. R. 53; *Lincoln et al.* v. *Cook*, 2 Scam. R. 62; 2 Phillips Ev., 133, and authorities cited. In *Miller* v. *Reid*, 1 Burr. R. 457, Lord Mansfield observed: " These notes are not, like bills of exchange, mere securities or documents for debts, nor are so esteemed, but are treated as money, in the ordinary course and transaction of business, by the general consent of mankind ; and on payment of them, the receipts are always given as for money, not as for securities or notes." In the case of *Handy* v. *Dobbin*, 12 J. R. 220, it was decided that bank bills could be levied on by execution, and that they are treated *civiliter* as money. In *Mann* v. *Ex'rs Mann*, 1 Johns Ch. R. 236, it was held that a bequest of all moneys embraced gold and silver, or the lawful circulating medium of the country, and may extend to bank notes when they are known and approved of, and used in the market as cash. And 15 Ves. R. 207, sustained the doctrine of that case. In the case of *Judah* v. *Hains*, 19 J. R. 144, the court decided that a note, payable in bank notes current in the city of New York, was a valid note. The court say they will take notice that notes current in the city of New York are of cash value throughout the State, and are distinguished by those words from other bank notes, which are received at a discount, and hence it is immaterial whether the notes of banks of other States might be tendered in payment, provided they are current in the city of New York ; in that case they are considered cash, equally with the current bills of this State.

From these authorities it would seem that current bills, or currency, are of the value of cash, and exclude the idea of depreciated paper money. If, then, currency is taken as and for coin, it follows that such is its value, and the court did right in assessing the damages on these notes ; and as no error is discovered in these records, the judgment of the Common Pleas, in these cases, should be affirmed.

*Judgment affirmed.*