THE GALENA INSURANCE COMPANY, Plaintiff in Error, v. HERMANN KUPFER, Defendant in Error.

ERROR TO JO DAVIESS.

A check drawn for " current funds" entitles the holder to demand coin, or its equivalent.

If a word has a general well-defined signification, it is not competent to change that meaning by evidence; but if a word has not a definite and ascertained signification, its local meaning may be proved. The case of *Moore* v. *Morris*, 20 Ill. 255, considered and qualified.

Where the drawer of a check has not provided proper funds for its payment, but offers depreciated paper, the holder of the check is not liable for any depreciation to the paper which may result from his refusal to take it.

THIS was an action of assumpsit on a check drawn by the defendant, in favor of the plaintiffs, on the Bank of Galena, hereafter set out in the plaintiffs' evidence.

Also, on an account for insurance.

The general issue was pleaded.

Verdict, motion for a new trial, and judgment for plaintiffs for $288.75, and plaintiffs appealed.

The plaintiffs read in evidence the following check:

No. 2113.                                GALENA, May 15, 1861.
**BANK OF GALENA,**
Pay to Galena Insurance Company, or bearer, four hundred 00–000 dollars in current funds.
    $400.00.                                           H. KUPFER.

The defendant admitted the account for insurance, at $8.75, to be correct, and dispensed with all proof.

*Wm. H. Snyder* testified, he was the secretary of the plaintiffs, and had been from the organization of the company. That the check aforesaid was given at its date for a draft held by plaintiffs against the defendant for collection. That check cost the plaintiffs $400. I presented the check on the 20th of May, 1861, for payment, and the Bank of Galena offered to pay it in Illinois bank notes, worth about fifty or sixty cents on the dollar. It was Illinois currency offered me, which was denominated "stump tail." I refused to take it in payment of the check. The money in which the bank offered to pay, was from fifteen to thirty per cent. discount.

*L. S. Felt* testified, I am a merchant in Galena, and have been for twenty-three years. I understand "current funds" in the ordinary acceptation of the term, to mean money that passes for a hundred cents on the dollar. The money generally in circulation here, from the 1st to the 15th of May last, was "Illinois currency," at a discount from ten to fifteen per cent. for specie. I paid ten and twelve per cent. for Eastern exchange.

Other testimony was offered to show the meaning of the words "current funds."

The defendant asked, and the court then gave the following instructions, which the plaintiff excepted to:

If the jury believe, from the evidence, that all the parties to the check sued on in this case lived in Galena, and that the plaintiff received said check from the defendant on the 15th

day of May, 1861, and that said plaintiff did not present the said check for payment on the 15th or 16th day of May, 1861, and that the defendant sustained injury by reason of the said plaintiff's failure to present the said check for payment within said time, then the defendant is entitled to have the amount of said injury deducted from the amount of said check.

Where a check on a banker is given, and all the parties thereto reside in the same city or town, the holder of the check must present it for payment within the next day after it is given, and if the drawer suffers injury, by the failure to present the check for payment within that time, the defendant is to be allowed the amount of that injury.

The term "current funds" may be shown, by evidence, to have a *local* signification.

The errors assigned are, that the court erred in giving the defendant's instruction, and particularly in giving the third instruction.

The court erred in overruling the motion for a new trial.

In rendering the judgment it did, in this cause.

In instructing the jury that the term "current funds" may be shown, by evidence, to have a local signification.

M. Y. JOHNSON, for Appellant.

Cited, 20 Ill. 146; Wharton's Law Lexicon, title Currency; 20 N. Hamp. 46; 19 Johns. 144; 9 Johns. 120; 20 Ill. 255.

E. S. LELAND, and L. SHISSLER, for Appellee.

Cited, Story on Prom. Notes, p. 667, sec. 943; Chitty on Bills, secs. 418—424; 2 Story, 502; 20 Ill. 255.

WALKER, J. This was an action of assumpsit, instituted on a check drawn by appellee in favor of appellant, on the Bank of Galena. The check was for current funds, and when presented for payment, depreciated Illinois bank paper was offered and refused. The funds offered in payment, were worth from fifty to sixty cents on the dollar. A trial was had, resulting in a judgment in favor of appellant for $280.75, the depreciated value of the bills. The check was given by

appellee, in payment of a bill on appellee, held by appellant for collection. The appellant had paid for this draft $400, in money.

Does "current funds" mean depreciated bank bills, worth only fifty or sixty cents on the dollar? This is the precise question, and upon its answer depends the correctness of the judgment below. Appellee received, in value, four hundred dollars for this check. Then by the terms of the agreement did appellee have the right to pay the $400 to appellant, if the check was not met by the bank, with two hundred and forty dollars and accruing interest? The question was not, what kind of funds appellee had in the bank, and against which he had a right to draw, but what kind of funds did he direct to be paid to appellant? If his deposits in the bank consisted of depreciated bank paper, and he drew for par funds, it was his duty to provide such funds, to meet the draft, or if returned for non-payment, then to have taken up the draft with such funds. Any arrangement between the bank and appellee as to what kind of funds his checks should be met with, was an arrangement with which appellant had no concern, and by which he cannot be affected without his consent.

Currency is bank bills or other paper money, which passes as a circulating medium in the business community, as and for the constitutional coin of the country. They are that description of bank bills which supply the place of coin. The term funds, as employed in commercial transactions, usually signifies money. Then the term "current funds" means, current money; par funds, or money circulating without any discount. This check then called for, and appellant had the right to demand, funds equal in value to the current coin of the country. Such as is received and paid on debts, in the purchase of property, and in ordinary business transactions, at par and without any discount. This the bank refused to pay, and then the appellant had the right to resort to appellee to recover that sum.

The third instruction asserts, that the term "current funds," may be shown, by evidence, to have a local meaning. When a

word has a general well-defined signification, it is not competent to change that meaning by evidence. On the contrary, if a word is employed which has no definite and specific general meaning, its local meaning may be proved. It was so held in reference to the term "season," when employed to limit the time in which grain should be shipped. *Myers* v. *Walker*, 24 Ill. 133. In that case no usage, or definition of the term as employed, of which the court could take notice, could be applied, so as to ascertain the meaning of the parties; and to prevent the failure of the contract, extrinsic evidence had to be resorted to, to give it effect. There the court could see that the term as employed was, without proof of a local usage, without meaning, and that it must have been employed with a local signification. Not so in the case under consideration. This term is well defined, is used in its ordinary sense, and is well and generally understood by all classes of business men. Words having a well-defined specific meaning, imparting the intention of the parties, cannot be altered, limited, or enlarged in their meaning, by extrinsic evidence. This term is of this latter character.

It is however insisted, that in the case of *Moore* v. *Morris*, 20 Ill. 255, a different rule is announced. It was there held, that current money of this State is the constitutional coin, or foreign coin made current by Congress. It is also said in that case, that this is true, unless there is evidence giving these terms a local signification. This is unquestionably true, but the case goes too far by holding that this may be shown by extrinsic evidence. To produce that effect the evidence should be found in the contract or agreement itself.

The other instructions proceed upon the supposition that this check was drawn upon a particular fund, and that if it depreciated and loss ensued to the drawer, by a delay in presenting the check, that appellant must sustain that loss. We have seen, that this check was not for Illinois bank paper, which the appellee had on deposit at the bank, but it was for money or its equivalent. The appellee had provided no such funds to meet this check. He had no funds in the bank which appellant was bound to receive, and if loss ensued by depre-

ciation, it could not be attributed to appellant. The funds which appellee had in the bank, instead of being current, were, when the draft was drawn, at from ten to fifteen per cent. discount. In this view of the case, the first and second of defendant's instructions should have been refused.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*