SPRINGFIELD MARINE AND FIRE INSURANCE COMPANY, Plaintiff in Error, *v.* JOHN L. TINCHER, and JOSEPH G. ENGLISH, Defendants in Error.

ERROR TO SANGAMON.

By the term "currency," bank bills or other paper money issued by authority, which pass as, and for coin, are understood.

Current bills, or currency, are of the value of cash, and exclude the idea of depreciated paper money.

The holder of a draft is not bound, as between himself and the drawer, to present it for payment at maturity. If he delays, the only risk he incurs, is that of the intervening insolvency of the drawee.

THIS was an action of assumpsit, by defendants in error

against plaintiff in error. Declaration is on the common (money) counts. Plea, non-assumpsit.

Trial by the court, and judgment for the plaintiffs below (defendants in error) for the sum of $730.44.

A bill of exceptions was taken, from which it appears, that on the trial of the cause, plaintiffs below read in evidence a draft or bill of exchange, of which the following is a copy:

SPRINGFIELD MARINE AND FIRE INSURANCE COMPANY.

$670.30.                                                        No. 19466.

SPRINGFIELD, April 30th, 1861.

CURRENCY.—Pay to the order of Tincher & English, six hundred and seventy 30-100 dollars, and charge to account of this Company.

THOS. CONDELL, *Prest.*

To H. A. TUCKER & Co., Chicago, Ills.

And further, gave in evidence the deposition of *Joel A. Gurley*, a notary public of Chicago, Illinois, who proved by his deposition the presentation of said draft by him for payment to H. A. Tucker & Co., of Chicago, on the 5th day of June, 1861, who refused to pay the same except in depreciated currency, worth about sixty-five cents to the dollar. The protest for non-payment, and due notice thereof, after payment was demanded, to the defendants, was also' admitted, and the partnership of the plaintiffs below was also admitted. This was plaintiff's case.

The defendant below then gave in evidence the deposition of Wm. Ruxton, whose business was that of banker in Chicago, and a member of the banking firm of H. A. Tucker & Co., of that city, upon whom the draft aforesaid was drawn. Said draft was presented to witness on the 5th day of June, 1861, for payment; witness offered in payment the notes of Illinois banks, or sixty cents to the dollar in gold. Said witness further deposed, that the defendant had kept an account with the said banking firm of H. A. Tucker & Co. for the last seven or eight years. The account was an ordinary banker's account, consisting of deposits and collections made, and drafts drawn against them; that defendant had a deposit with them, of Illinois currency, which passed at par in all ordinary business transactions up to the 18th day of May,

Marine and Fire Ins. Co. *v.* Tincher et al.

1861. The same was still on deposit with said firm, and had been since the 30th of April, 1861. Said funds, so on deposit with them on the 30th of April, 1861, were current in business transactions in Chicago, from that date down to the 18th of May, 1861. Said witness further deposed, that if said draft had been presented in a reasonable time, or at any time before the 18th of May, 1861, it would have been paid in current funds. Said witness further deposed, that five days would have been a reasonable time within which to have presented said draft after it was drawn; that if said draft had been presented within a week after it was drawn, the funds which would have been paid upon it could have have been converted into gold and silver at the rate of eighty-five to ninety cents to the dollar, and that on the 5th day of June such funds were worth about sixty cents on the dollar.

This was all the evidence, and the court thereupon found the issue for the plaintiffs, and assessed their damages at $730.44, and thereupon the defendant moved for a new trial for the reasons: 1st, That the finding of the court was contrary to the law and evidence; 2nd, Because the court had improperly assessed the damages; 3rd, Because the damages assessed were too much. The court overruled the motion for a new trial, and rendered judgment for the amount of the damages as assessed; to which rulings of the court, in overruling said motion for a new trial and rendering judgment, the defendants excepted.

Defendant brings the case to this court by writ of error, and as plaintiff in error, now assigns for error, that the court erred in overruling the motion for a new trial, and in rendering judgment for the plaintiffs below.

HAY & CULLOM, for Plaintiff in Error.

The evidence shows that the draft sued upon was a currency draft, of which plaintiffs in error were drawers; that it was drawn the 30th day of April, 1861, on a banking firm in Chicago, with which the drawers kept an account and had dealings; that drawers had at that time, and continued to

have and keep on deposit with the drawees, funds current and at par with other currency up to the 18th of May, 1861, and that if the draft had been presented at any time before the 18th of May, it would have been paid in par currency out of the fund so held by the drawees; that the draft was not presented until the 5th day of June, 1861, by which time these funds had depreciated twenty-five to thirty cents on the dollar.

Admitting the principle, that this was a banker's check, and not within the ordinary principle in regard to diligence by the holder, the law is nevertheless settled, that the *onus* is upon the holder, where there has been *laches*, to show that the drawer has suffered no loss by the delay. But the evidence here shows actual damage to the drawers. Story on Promissory Notes, sec. 492—498; *Little* v. *Phœnix Bank*, 2 Hill (N. Y.) 425.

On money checks, insolvency of the drawees intervening would probably be the only ground of damage to the drawer. But a check payable in currency is, by its very terms, and according to its well-understood and popular meaning, payable not in gold and silver, but in a fluctuating paper commodity, substituted by the commercial community for gold and silver. It is dischargeable where made payable, in current paper at par in business transactions at the place payable, without regard to its value with reference to gold and silver. *Farwell* v. *White & Kennett*, 7 Mo. 595; *Chambers* v. *George*, 5 Lit. 335; Chitty on Contracts, 62—67.

Upon the principles stated, the drawers in this case were damaged to the extent of the depreciation of the currency they had on deposit intermediate to the drawing and presentation of the draft, and these damages should have been deducted in the assessment of the damages upon the draft.

Stuart, Edwards & Brown, for Defendants in Error.

Breese, J. We are unable to distinguish this case from that of the *Chicago Marine and Fire Insurance Company* v. *Keiron*, 17 Ill. 501, and *Marine Bank of Chicago* v. *Chandler*, 27 Ill. 525, except in this, that in the first case, the certificate

of deposit was for " Illinois currency," and in the other, the bill was drawn payable "in current bank notes," whilst this is in " currency."

In these cases, this court said that such certificate and draft could not be satisfied by depreciated paper; they must be discharged by bills passing in the locality of the drawees, as coin. And so in the case of the *Marine Bank of Chicago* v. *Rushmore*, 28 Ill. 463, in which the whole subject is examined and discussed. This case is a stronger one in favor of the defendant in error, than either of these, as this draft was payable in " currency," without any other designation.

In the case of *Swift et al.* v. *Whitney et al.*, 20 Ill. 144, which were suits on certificates of deposit, payable in " currency," this court said, by the term, currency, bank bills, or other paper money issued by authority, which pass as, and for coin, are understood. Current bills, or currency, are of the value of cash, and exclude the idea of depreciated paper money.

The offer then, by the drawee, to pay this draft in depreciated paper, not then current, was a dishonor of the bill. The draft was for par funds,—for something equivalent to coin,—for that which passed, currently, in the channels of trade, as coin. Nothing of less value than that, could satisfy the draft.

Of this dishonor of the draft, the drawer had due notice.

But it is said, the holder of this draft did not use due diligence in presenting it for payment, that he did not present it in a reasonable time, and is therefore bound to show that the drawer has not been injured by the delay.

We understand the rule to be, as between the holder and the drawer, a demand at any time before suit brought, is sufficient, unless it appears that the drawee has failed, or the drawer has, in some other manner, sustained injury by the delay. *Murray* v. *Judah*, 6 Cow. 490; *Little* v. *Phœnix Bank*, 2 Hill, 425.

This draft was an absolute appropriation by the drawer, of so much par funds in the hands of the drawee, to the holder, and there it should have remained, in the same kind of funds,

until the holder called for it, and the drawer has no reason to complain of delay, unless upon the intermediate failure of the drawee. 3 Kent's Com. 104 (note); *Munn* v. *Burch*, 25 Ill. 35.

There is no proof, or suggestion, of such failure, and no presumptive case can arise, that the drawer has suffered any loss. When the draft was presented for payment, the drawer had no such funds in the hands of the drawee as the draft specified. The holder was not bound to present it on or before the 18th of May, or at any other particular time. That precise description of funds should have been on hand, whenever the draft should be presented. By delaying its presentation, the holder incurred no other risk than the solvency of the drawee. We see no error in the finding of the court, and therefore affirm the judgment.

*Judgment affirmed.*