JOACHIM LAWRENCE, for the use of CALVIN DE WOLF,

*v.*

JOHN SCHMIDT.

1. DRAFTS — CHECKS — *when notice of dishonor is necessary to hold the drawer liable.* According to the rules of mercantile law, the drawer of a draft or check must have due notice of its dishonor before he can be held liable for non-acceptance or non-payment.

2. SAME — *presumed to draw upon funds.* It is always presumed he draws upon funds in the hands of his banker; and hence the necessity of such notice, that he may protect his interest, and secure his funds in the hands of the party upon whom the bill is drawn.

3. SAME — *drawer may waive notice,* or he may so act as to amount to a waiver of notice.

4. SAME — *when not entitled to notice.* But when he has not drawn against funds, the necessity for notice does not exist.

5. A party drawing upon another, must not only provide the funds, but the kind of funds for which he draws; otherwise it is the same as if no funds were provided.

6. As where a party draws for current funds, while he has in the hands of the drawee only depreciated currency, which the holder is not bound to receive, the drawer is not entitled to notice of the non-payment of the check in order to fix his liability.

7. CURRENT FUNDS. Where a party draws a check for current funds, the holder is not bound to receive depreciated paper.

8. SAME. Where the check does not designate what character of funds are drawn for, but simply calls for a given number of dollars, the holder has a right to demand its payment in money, and is not bound to receive depreciated currency.

APPEAL from the Recorder's Court of the city of Chicago; the Hon. EVERT VAN BUREN, Judge, presiding.

This suit was originally brought before a justice of the peace in Cook county, and removed into the Recorder's Court by appeal.

The suit was instituted by Joachim Lawrence, for the use of Calvin De Wolf, against John Schmidt, as the drawer of a check upon E. I. Tinkham & Co., payable to the plaintiff or bearer. The form of the check was as follows:

"CHICAGO, May 16, 1861.

"EDWARD I. TINKHAM & Co.:

"Pay to Joachim Lawrence or bearer twenty-five dollars, and charge the same to account of

"$25.00. "JOHN SCHMIDT."

The check was presented on the day it was drawn, and payment in money was refused, but bank bills at thirty to forty per cent. discount were offered and refused. The drawer had no other kind of funds but this depreciated currency in the hands of Tinkham & Co. at the time the check was given and presented for payment. No notice of the dishonor of the check was given to the drawer until after the failure of the drawees, which occurred in June, 1861.

The case was tried before the court, without a jury, and upon the facts mentioned, the finding was in favor of the defendant. The plaintiff moved for a new trial, which was refused, and a judgment entered upon the finding. The plaintiff thereupon took this appeal. The question presented s, whether, under the circumstances, the drawer of the check was entitled to notice of its dishonor in order to fix his liability.

Messrs. Garrison & Blanchard, for the appellant.

The only objection made to the plaintiff's right of recovery in the court below, was, that no notice had been given to the defendant of the non-payment of the check.

It was a fraud upon plaintiff to give such check. He knew at the time, it would not be paid. A person cannot take advantage of his own wrong and fraud. He was not entitled to notice. His check called for lawful money and he had none in bank. 2 Hill, 425; 7 id. 359, overruling the case in 21. Wend. 372, where it is held there is no difference between a bill of exchange and a check. 2 Story C. C. 502; 1 E. D. Smith, 400; 1 Hall, 78; 6 Cow. 490; Story on Prom. Notes, §§ 489, 493, 498; 21 Pick. 327; 4 Duer, 122; 7 Har. and. John. 381; 28 Ill. 332; 29. id. 248, 267; 24 id. 182. These authorities support the doctrine that the drawer, having no money in bank such as his check called for, was not entitled to notice of its dishonor.

Mr. Andrew J. Brown, for the appellee.

An action does not lie on a bank check against the drawer until after notice of presentment and non-payment, and due diligence on the part of the holder in giving notice of presentment and non-payment. 21 Wend. 372.

The defendant claims that his deposits at the bank were in current and par funds, and there is no evidence or pretense that he had made any contract or agreement, or was under any obligation to receive depreciated bank bills in payment of his checks; and the attempt or offer of the bank to pay this check in depreciated bank bills was in wrong of the defendant, for which he had a legal remedy, which he could have enforced but for the election of the plaintiff to hold the check without using due diligence to collect the same.

If there was any question between the banker and the drawer of the check as to what kind of money or bills should be paid out on this check, whether par or depreciated funds, the defendant claiming the right to draw par funds as he did

by issuing such a check, the defendant was entitled to notice, that he might protect his own interest.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

According to the rules of the mercantile law, the drawer of a draft or check must have due notice of its dishonor before he can be held liable for non-acceptance or non-payment. But he may waive such notice, or he may so act as to amount to a waiver of notice. It is always presumed that he draws upon funds in the hands of his banker, and hence the necessity of such notice that he may protect his interest and secure his funds in the hands of the party on whom the bill is drawn. But when he has not drawn against funds, the necessity for notice does not exist. When he has not provided funds for the payment of the bill or check, he has no right to expect that it will be honored, and his interests do not require notice of non-acceptance or of non-payment. In such a case he is presumed to have waived notice, and it need not be given to hold the drawer liable. It has even been held to be a fraud to draw a bill or check where no funds have been provided for its payment.

In the case of the *Galena Insurance Company* v. *Kupfer*, 28 Ill. 332, it was held that where a party draws for current funds, the payee is not bound to receive depreciated paper. A party drawing upon another must provide the funds and the kind for which he draws, for its payment. If he fails to do so, it is the same as if no funds were provided. The payee, in a case where depreciated funds have been deposited, and his draft is for current funds, is not bound to receive the funds on deposit, nor is the drawee bound to pay other and different funds than those placed in his hands by the drawer.

In this case the check was drawn for money; for dollars and not for bank bills, or other kinds of circulating medium. The check was presented on the day it was drawn, and payment in money was refused, but bank bills at thirty to forty per

cent. discount was offered and refused. It also appears that the drawer did not have cash — money — in the hands of the drawee, and hence notice of non-payment was unnecessary. He had no right to believe it would be paid in money, or that the holder would receive depreciated bills. Upon its non-payment the drawer's liability was fixed, without any steps. The court below therefore erred in rendering judgment in favor of defendant, and it must be reversed and the cause remanded.

*Judgment reversed.*