# WELLS WILLETTS
## *v.*
## R. C. PAINE.

1. CHECKS — *laches of the holder discharges the drawer.* Where the holder of a check neglects to present it for payment until twenty-five days after it is drawn, during which time the drawees fail, he cannot have recourse on the drawer, unless he shows, that no loss occurred to the drawer through such delay.

2. Where a depositor having funds in a bank, gives a check, which the holder neglects to present for payment within a reasonable time, he cannot be held liable for non-payment in current funds, unless the holder shows, not merely, that the funds on deposit were depreciated at the date of the check, but that they were depreciated at the time of deposit, and that, therefore, the drawer had no right to draw the check, or to expect its payment in current funds.

3. BANKING — *rights of depositors.* Where a party who keeps an account with a banking house, deposits funds, which are at the time current, he has a right to insist on payment in current funds, although the funds deposited have in the mean time become depreciated.

4. If bank bills are deposited as depreciated paper, the depositor has no right to draw for par funds, or expect payment of a check thus drawn.

APPEAL from the Superior Court of Chicago.

This was a suit brought on a check dated Niles, Michigan, May 8, 1861, drawn by R. C. Paine on E. I. Tinkham & Co., Chicago, for $450, payable to St. Joseph Iron company, and indorsed to A. W. Tipton, and by him to J. L. Hartson, at

New Boston, Ill., and by him to Wells Willetts. The check was protested for non-payment June 4, 1861. The evidence is stated in the opinion of the court.

The trial in the court below resulted in a judgment for the defendant. The case is brought to this court by appeal. ·

Messrs. HURD, BOOTH & KREAMER, for the appellant.

Messrs. E. G. ASAY and R. S. WILSON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by the assignee of a check drawn in Niles, Michigan, upon E. I. Tinkham & Co., of Chicago, bearing date May 8, 1861, and protested for non-payment. The suit is against the drawer. The check was declared upon as a bill of exchange. It was not presented for payment until twenty-five days after it was drawn, during which time the drawees failed. E. I. Tinkham was called as a witness, and proof was made by him, that when the check was drawn the drawer had on deposit only Illinois bank bills, worth at that time from fifty to ninety cents on the dollar. It does not, however, appear when this amount was deposited, or that, at the time of the deposit, these funds were depreciated. It does appear, that Paine, the drawer, had been a depositor with the bank for several years, and that the balance standing to his credit at the date of the check, and until the failure of the bank, was larger than the amount of the check. Tinkham means, that if the check had been presented in due season he would have paid it only in the depreciated Illinois currency, and this is relied upon as entitling the plaintiff to recover, notwithstanding the *laches* in the presentation. But there is nothing in this record to show, that the bankers would have had the right to pay in depreciated funds, since it does not appear, that the funds were depreciated when deposited. If they were not, then, as decided in the case of *The Marine Bank* v. *Chandler*, 27 Ill, 525, the drawer would have had the right to insist on payment in current funds. The plaintiff is here insisting on

holding the drawer. On the face of the check and protest the drawer is discharged by the delay. The burden, then, is on the plaintiff, of showing that no loss accrued to the drawer through such delay; and to do this he must show, not merely that the funds on deposit were depreciated at the date of the check, but that they were depreciated at the time of deposit, and that therefore the drawer had no right to draw the check or to expect its payment in par or current funds. The court below instructed the jury in conformity with these views. The instruction prepared by the court, and given on its own motion, was as follows:

" As the plaintiff in this case claims to recover upon the instrument sued upon as a foreign bill of exchange, it is not necessary to inquire what the law as to checks is; treating it as such a bill of exchange, it was not presented in time to hold the defendant liable, and therefore it is necessary to inquire whether there was a sufficient excuse for not presenting it, and this depends upon the state of affairs between the defendant and E. I. Tinkham & Co. If the defendant had deposited with Tinkham & Co. what was between them considered and accepted as money, to be repaid in money, dollar for dollar, and not in depreciated bank notes, then the defendant had a right to draw the bill and expect it to be paid in currency or current money, and then he is not liable; but if his deposits were to be paid back in bank notes then in use, after they became depreciated, and he had not the right to require current money, dollar for dollar, for his deposits, then he had not the right to draw the bill or to expect the bill to be paid in currency, and then the delay in presenting it is of no consequence, and the defendant is liable for the amount, with interest, at the rate of six per cent from this date."

Under this instruction the jury found the bank bills to have been deposited as money, to be repaid in money, and not in depreciated paper, and there is nothing in the record which would justify us in reversing that finding. It is true, the

evidence is not clear upon that point, but, as we have already remarked, it belonged to the plaintiff, who had been guilty of apparent *laches*, in presenting the check, to show that no injury had accrued therefrom to defendant. In such cases the law presumes an injury until the contrary is proven. If this check had been duly presented, payment refused and notice given, the drawer would have been able to take steps for his own protection.

It is urged by counsel for appellant, that this case is like *Lawrence* v. *Smidt*, 35 Ill. 440, and *Galena Ins. Co.* v. *Kupfer*, 28 id. 332. Those cases were decided upon the theory, that the bank bills on deposit were depreciated at the time of deposit, and were deposited as depreciated paper. In that event the court decided the depositor would have no right to draw for par funds, or to expect payment of a check thus drawn. The report of the cases does not clearly show such proof to have been made, but the decision and opinion are clearly based upon the theory that such a state of facts appeared in the record. Only on that theory can these cases be reconciled with the well settled law of this court, announced in *The Marine Bank* v. *Chandler*, *ubi supra*, and in similar cases. But in the case before us no such state of facts is shown to have existed, and the jury have substantially found it did not exist.

As there was no error in the instructions given for the defendant, or in that given by the court on its own motion, and as the finding of the jury was a justifiable inference from the evidence, we must affirm the judgment.

*Judgment affirmed.*