## WILLIAM H. GODFREY
## v.
## CHARLES L. KNODLE.

*Landlord and Tenant—Appraisement—Practice—Evidence.*

1. This court will not pass upon a question primarily raised herein, which, had it been raised in the trial court, would have justified the granting of leave to amend, thereby removing the objection.

2. When evidence is objected to upon the trial, if a party to the suit would save an exception to the ruling of the court so as to make it available on appeal, he must frame his objections so as to bring to the attention of the trial court the specific ground upon which he predicates it.

3. While, in the absence of an agreement to accept an appraisement by a majority of appraisers as to an amount due, the parties to a given controversy are entitled to the concurrent judgment of all, it is optional with the creditor to accept the appraisal of such majority.

4. In the case presented, this court holds that the jury were warranted by the evidence in finding that the appraisement as made was duly ratified.

### [Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Lee County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. A. C. BARDWELL and SHERWOOD DIXON, for appellant.

Messrs. C. B. Morrison and A. K. Trusdell, for appellee.

Harker, J.  In March, 1887, appellant leased a tract of land in Lee county to appellee for five years.  It was provided by the lease that the tenancy could be terminated on the 1st of March of any following year, on appellee giving notice of his election so to do by the 1st of the preceding January, and the lease was under such provisions terminated on the 1st day of January, 1891.

One of the provisions of the lease was as follows:  " At the termination of this lease said Knodle shall return to said Godfrey on the farm such number of cows as shall be worth in cash $1,050, and horses worth in cash $685, not including any partnership stock."  The lease provided no way in which the value of the cows and horses should be determined.  After appellee had made known his election to terminate the lease, a dispute arose as to how the valuation of the cows and horses should be made.  Appellant insisted upon selling the stock at public auction, while appellee insisted upon an appraisement.  It was finally agreed some time in February that the valuation should be fixed by appraisement.  Accordingly appellee selected Wadsworth, appellant, Smith, and the two so selected, chose Judd, to appraise the stock.  The cows were appraised at $1,675, and the horses at $500.  Smith refused to concur upon the ground that the appraisement was too high, and the written statement thereof was signed only by Wadsworth and Judd.

Appellant took possession of the property, and on the 5th of March, 1891, the day after the appraisement, in accordance with advertisements previously made, sold it at public auction.  The cows brought $1,304.50, and the horses $274.50.  This was $596 less than the appraisement, and $755 less than the sum required by the lease.

Because of the disagreement of the appraisers appellant insisted that he was not bound by the appraisement, and that the value of the stock was fixed by the sale, and brought suit on the clause of the lease above quoted for the $755.

After suit he accepted $200, which had been tendered, and was more than sufficient to cover the difference between the amount of the appraisement ($2,175) and the sum required by the lease. The sole question in the case then was whether the valuation should be determined by the appraisement. or by the sale at public auction.

Appellee averred in his second, third and fifth pleas, that appellant had agreed to submit the question of valuation to three appraisers; that the appraisers were selected and valued the stock at a certain sum, and that the appellant accepted the stock at the price so fixed. In the fifth plea it is stated that appellant agreed to accept at the valuation of three appraisers, " or a majority of them;" that three were selected and made the appraisement, and that thereupon appellee delivered the stock to appellant at the value so fixed and the same was received.

While the plea avers an agreement to an appraisement concurred in by but a majority, the plea does not aver that it was agreed to by a majority only, but avers that the appraisement was made by all the appraisers. Had the plea in accordance with the averment that appellant had agreed to an appraisement by a majority, averred, as the fact was, that a majority only agreed, then the report of Wadsworth and Judd would have sustained the issue raised by that plea, and the question of a variance would not have arisen.

When the report signed by the two appraisers, Judd and Wadsworth, was offered in evidence, appellant objected; but the court overruled the objection and admitted it. This, it is claimed, was error sufficient for a reversal of the judgment. The objection was general. Counsel did not, as they do here, raise the question of a *variance.* Had they done so, the court could have seen from an inspection of the pleadings that the objection was well taken, and after ruling to that effect, allowed such an amendment as would obviate it. To allow it to prevail when specifically raised here for the first time would be unfair, because the precise question was not presented to the trial court for a ruling,

Godfrey v. Knodle.

and because the appellee would be denied the opportunity of removing the objection by an amendment to his plea.

Where evidence is objected to upon the trial, if the party would save an exception to the ruling of the court so as to make it available on appeal, he must frame his objection, so as to bring to the attention of the trial court the specific ground upon which he predicates it. Substantial justice requires that the objection be specified so that the party offering the evidence may obviate it either by amending his pleading or offering other proof. Sargeant v. Kellogg, 5 Gilm. 273; Swift v. Whitney, 20 Ill. 144; Davis v. Ransom, 26 Ill. 100; Stone v. Great Western Oil Co., 41 Ill. 85; Graham v. Anderson, 42 Ill. 514; Espen v. Hinchliffe, 131 Ill. 468; 1 Thompson on Trials, Secs. 693-4-5.

While it is true that in the absence of an agreement to accept an appraisement by a majority of the appraisers, the parties were entitled to the concurrent judgment of all three, and an appraisement by two only was not binding, yet it was optional with appellant to accept the appraisement of Judd and Wadsworth or renounce it. He could not accept the property so appraised, sell it as his own, and then because it did not bring as much as the amount at which appraised, repudiate the appraisement.

His counsel insist, however, that he did not accept the property under the appraisement, but took it because he had the right to it under the clause in the lease above quoted, and that in disposing of it, he was simply selling what was his own. We do not understand that the title to the property was in appellant when the appraisers began the appraisement. Appellee was in possession of it, and had repeatedly refused to any other mode of fixing its value. As soon as that mode was agreed upon appellant advertised a public sale, and on the day following the appraisement, took possession of the property and sold it. We are of the opinion that appellant took possession of the property by virtue of the agreement to appraise and the appraisement of Judd and Wadsworth, and not because the clause in the lease

invested him with the title to it.   The jury were warranted
in finding that he had ratified the appraisement as made.

The jury were properly instructed upon the question of
ratification.   The alleged errors of the court in ruling upon
certain questions touching the age and condition of some of
the horses became unimportant in view of the opinion ex-
pressed that appellant had ratified the appraisement as
made.

Perceiving no substantial error in the record, the judg-
ment will be affirmed.

*Judgment affirmed.*