## Jake Less, Appellee, v. S. Alport, Appellant.

### Gen. No. 25,748.

1. CONTRACTS, § 251*—*when sealed cannot be changed by parol.* An original contract under seal and in writing cannot be altered, modified or changed by a subsequent agreement not under seal and not in writing.

2. MONEY, § 1*—*what is currency.* Currency has been defined as funds or money circulating in a business community without any discount, excluding the idea of depreciated paper money.

3. CONTRACTS, § 224*—*when evidence admissible to explain subject-matter.* In an action for breach of a contract whereby a defendant agreed to sell 30,000 "Russian Roubles Currency," evidence that the contract referred to pre-war roubles of the Imperial Russian government and not to roubles issued subsequently by the Kerensky government, was proper.

4. CONTRACTS, § 298*—*when tender of performance insufficient.* Under a contract for the sale of 30,000 "Russian Roubles Currency," in denominations of 100 roubles, a tender of roubles issued by the Kerensky government was insufficient, as the evidence supported a finding that the contract referred to roubles of the Imperial Russian government.

5. DAMAGES, § 66*—*what is measure for breach of contract for purchase of foreign money.* In an action for breach of a contract whereby a defendant agreed to sell 30,000 "Russian Roubles Currency," where there was a difference between the market price and the contract price of $3.50 per hundred roubles, such difference correctly represented the measure of damages for the breach.

6. TRIAL, § 295*—*when propositions of law to be submitted.* Propositions of law must be submitted at the trial, and a submission 60 days after judgment has been entered is too late.

Appeal from the Municipal Court of Chicago; the Hon. HOWARD W. HAYES, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 8, 1920. Rehearing denied March 22, 1920. *Certiorari* denied by Supreme Court (making opinion final).

MORRIS K. LEVINSON, for appellant.

N. ROTHBLUM, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, in an action alleging breach of contract, upon trial by the court had judgment for $1,650, which defendant seeks to have reversed.

The contract was dated December 28, 1917, and signed by both parties under their seals. By it the defendant agreed to sell to plaintiff, who agreed to buy, 30,000 "Russian Roubles Currency" for $3,150. Plaintiff deposited $600 as part of the purchase price and agreed to pay the balance upon delivery, which should be on or about June 1, 1918, "in denominations of One Hundred Roubles." If plaintiff did not accept on the date of delivery, the deposit was to be forfeited. Plaintiff asserted that on June 1, 1918, he tendered to the defendant the balance due under the contract but defendant failed to deliver the roubles at that time or any time since.

By an affidavit of merits defendant alleged that at the time said contract was entered into it was the intention of the parties to procure the Russian roubles in the Empire of Japan and for that purpose it was agreed that defendant should go to Japan and that these and "none other" were to be accepted by the plaintiff; that defendant went to Japan and purchased the roubles and on or about June 1, 1918, returned to this country, but was advised by the Federal Reserve Board at Washington, D. C., that an embargo had been placed upon the importation of said Russian roubles and defendant's application to import the same was refused. The affidavit further alleged a tender to the plaintiff of roubles not purchased in Japan, which plaintiff refused to accept.

The court properly struck all of the affidavit of merits except the portion alleging a tender. The alleged additional agreement does not purport to be under seal or in writing or made at the same time as the sealed contract or allege any consideration for the

new terms. It is also deficient in other respects. The original contract was a writing under seal and could not be altered, modified or changed by the alleged agreement. *Yockey v. Marion*, 269 Ill. 342; *Alschuler v. Schiff*, 164 Ill. 298.

Upon the issue of tender, defendant introduced evidence said to show a tender of roubles issued under the Kerensky government, or what is known as currency of the Kerensky Issue of 1917. It is very doubtful as to whether defendant tendered Kerensky roubles. His own statement as to this is dubious and there is more reason to believe the testimony of plaintiff that what was tendered were Russian Liberty Bonds issued by the Kerensky government.

Plaintiff claimed that the contract called for roubles of the Imperial Russian government, or issues of the "pre-war" period and not Kerensky roubles. The court properly held with plaintiff for a number of sufficient reasons. It was proper to admit evidence that the words "Russian Roubles Currency" appearing in the contract meant "pre-war" roubles and not Kerensky roubles.

"The testimony of witnesses is admissible to explain not only technical words of art or science, but words or phrases having a local meaning or a special meaning in a particular calling, trade, business or profession. Such evidence does not contradict or change the written instrument. The presumption is that such terms were used according to their understood meaning in the place or business with reference to which the contract is made, and evidence as to such meaning is the only method of ascertaining the intention of the parties in entering into the agreement." *Steidtmann v. Joseph Lay Co.*, 234 Ill. 88.

There was sufficient evidence to support plaintiff's claim as to the meaning of the words "Russian Roubles Currency." There was also sufficient evidence that roubles of the Kerensky issue are a depreciated currency and do not circulate in Chicago as currency.

Currency has been defined as funds or money circulating in the business community without any discount, excluding the idea of depreciated paper money. *Swift v. Whitney*, 20 Ill. 144; *Galena Ins. Co. v. Kupfer*, 28 Ill. 332. The contract calls for roubles "in denominations of One Hundred Roubles." There was abundant evidence by competent witnesses that there were no such denominations in the Kerensky currency and none was produced upon the trial, while such denominations of the "pre-war" issue were introduced in evidence. Even defendant did not claim to have made the tender in denominations of 100 roubles but partly in twenties and forties. Consideration of the above points gives ample support to the finding of the court.

There was evidence that the market price of roubles at the date of delivery was $14 per hundred. The contract price was $10.50 per hundred, or a difference of $3.50 per hundred. This represents the measure of damages, which on 30,000 roubles would amount to $1,050; adding to this the amount of earnest money, $600, gives $1,650, for which judgment was entered. We hold that the damages were correctly assessed by the court.

Complaint is made of the ruling of the trial court on propositions of law. Such propositions were submitted too late. They were not presented until more than 60 days after judgment had been entered. The statute contemplates that such propositions must be submitted upon the trial. *Allman v. Lumsden*, 159 Ill. 219.

We see no error in the record, and the judgment is affirmed.

*Affirmed.*

MR. JUSTICES HOLDOM and DEVER concur.