*May Term,*
*1829.*

*Lefavour*
*v.*
*Yandes.*

## Lefavour and Another *v.* Yandes and Another.

Assumpsit by partners for work and labour. *Held,* that evidence of the statements of one of the partners, made after the dissolution of the partnership, so far as they tended to show a new contract destroying the partnership claim, and giving to each partner a separate demand for his part of the debt, was not admissible; but that the statements of such partner, so far as they showed a payment made to himself, might be proved.

*Friday,*
*May 15.*

APPEAL from the *Marion* Circuit Court.—Assumpsit. Plea, the general issue. Verdict and judgment for the defendants.

Scott, J.—An action was brought in the name of *Lefavour* and *Shryock* against *Yandes* and *Wilson*, for work and labour in erecting a mill. The defendants introduced evidence to prove that *Shryock*, one of the plaintiffs, disclaimed the action, and acknowledged that he had received satisfaction in full for his part of the labour, and that an agreement had been made, by and between the plaintiffs and the defendants, subsequently to the completion of the work, that the defendants were to pay each of the partners his part severally. On this evidence the Court instructed the jury, "that if there was an acknowledgment by one of the partners, after the dissolution of the partnership, that an agreement was made by the parties, subsequently to the completion of the work, that the defendants were to arrange, satisfy, and pay each of the plaintiffs, as they could agree with each of them severally; and that they did accordingly pay one of the partners in full for his part; the other partner must bring a separate suit for his part." To this instruction the plaintiffs excepted, and their bill of exceptions is spread on the record.

Had the defendants proved such an agreement by a disinterested witness, or other legal proof, they might have defeated an action in the partnership name; but the objection here is to the kind of proof which is introduced to establish the agreement. Had *Lefavour* brought his action separately for his part of the claim, proof of *Shryock's* acknowledgment would have been insufficient to show the separation of interest; and the reason is equally strong, that it should not have been received to defeat an action in the partnership name. On this ground,

we think the judgment for the defendants in the Circuit Court is erroneous. Several other exceptions were taken in the course of the trial below, which need not now be noticed. From a view of the whole case, we are of opinion that the action in the name of the partners should be sustained. *Shryock's* admissions are admissible to prove the payment made to himself but not to change the contract (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Brown,* for the appellants.

*Fletcher* and *Gregg,* for the appellees.

(1) The declarations of one partner, as to the payment subsequently to a dissolution of a debt due to the partnership, are admissible against the other partner. *Russell & Mylne,* 191, per *Brougham,* Chancellor.