## Case No. 5,141.

### FRY v. ROUSSEAU.

[3 McLean, 106.][1]

Circuit Court, D. Michigan. Oct. Term, 1842.

Mr. Hand, for plaintiff.
Mr. Butler, for defendant.

OPINION OF THE COURT. This action was brought upon the following note: "Six months after date, I promise to pay to the order of W. T. Williard, at the Bank of Michigan, in Detroit, Michigan, six hundred and thirty-seven dollars and fifty-six cents, for value received in current bank notes, receivable at the counter of said bank."

To the first count in the declaration the defendant demurred specially. 1. Because the statement in the declaration does not show, that the court has jurisdiction of the cause. It contains no averment that the original promisee, W. T. Williard, through whom the plaintiff claims to recover, is an alien or citizen of another state. This is a fatal objection. "Where a suit is brought against a remote indorser, and the plaintiff in his declaration traces his title through an intermediate indorser, without showing that this intermediate indorser could have sustained his action in the courts of the United States, those courts have no jurisdiction." Mallen et al. v. Torrence, 9 Wheat. [22 U. S.] 537; Bank of Kentucky v. Wistar, 2 Pet. [27 U. S.] 320. These decisions are made under the 11th section of the judiciary act of 1789 [1 Stat. 78], which provides, that "no district or circuit court shall have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases of foreign bills of exchange."

The other ground of demurrer is, whether a note to pay a sum of money in current bank paper, is negotiable. There is nothing in the Michigan statute which regulates the negotiability of promissory notes, variant from the English rule. A note to be negotiable must be payable in money. Chit. Bills (Ed. 1839) 152. This point was considered and decided in Hasbrook v. Palmer [Case No. 6,188].

The demurrer is sustained on both grounds.