THORP, SMITH & HANCHETT v. CRAIG.

1. INSTRUCTIONS. In actions upon bills of exchange, the obligations of drawers, the sufficiency of protests, and the application of statutes to the contracts of the parties should be construed by the court; and where the evidence is documentary only, the court may direct the jury as to how they should find. When there is a conflict of evidence, the facts should be determined by the jury.

2. BILLS OF EXCHANGE. The law of the place where a bill of exchange is payable governs as to the allowance of days of grace.

3. COMMERCIAL LAW: STATUTES CONSTRUED. The provisions of the law of New York, relating to days of grace and commercial paper, do not change the rule of the commercial law which requires notice to the maker of the dishonor of a bill of exchange.

4. SAME: DISHONOR OF FOREIGN BILLS. The rights and liabilities of the drawer of a foreign bill of exchange are governed by the *lex loci contractus*; and a bill drawn in Iowa on New York, must, to bind the drawer, be protested at maturity in accordance with the laws of this State.

5. SAME: NOTICE. The drawer of a bill of exchange in Iowa on New York, is not liable on such bill unless notified of the dishonor thereof, as required by the laws of this State.

6. SAME: CERTIFICATE OF PROTEST. A certificate of protest by a notary is evidence only of the facts therein recited. It is not evidence of notice to the drawer of a bill of exchange when it does not recite that such notice was given.

7. *Sather & Church* v. *Rogers*, and *Bradshaw* v. *Hedge & Heaton, ante*., cited and affirmed.

*Appeal from Henry District Court.*

TUESDAY, JUNE 12.

JAMES CRAIG was sued as the drawer and B. C. Hoffman as the indorser of three certain bills of exchange, drawn at Mount Pleasant, Iowa, and upon the Continental Bank of New York. The plaintiffs were the indorsees and holders of the bills at maturity. The drawee refused to accept or pay the bills thus drawn, at maturity, and the plaintiffs by this action proceeded to recover from the defendants as the maker and the indorser. Judgment was rendered against the defendants from which Craig appeals.

The questions presented by appellant are stated in the opinion of the court.

*Marsh & Craig* for the appellant.

*Warwick & Drayer* for the appellees.

BALDWIN, J.—The bills of exchange sued on were payable ninety days after date, acceptance waived. Upon the day of maturity, without grace, the several bills were properly presented and payment demanded, whereupon they were protested for non-acceptance and for non-payment. Upon the trial in the District Court the plaintiffs, to support their cause of action, introduced in evidence the three bills of exchange, the protest of the notary who presented the same for payment, and also an authenticated copy of the act of the legislature of the State of New York in reference to days of grace and commercial paper, passed April 17th, 1857, a copy of which may be found upon page 523 (see note) of Edwards on Bills and Promissory Notes.

This being the only evidence introduced, the court upon its own motion instructed the jury as follows : "The evidence, entirely documentary, is sufficient in law to authorize the jury to find for the plaintiffs and they will accordingly inquire and report in their verdict the amount due on the three bills of exchange. It is claimed by appellant that this instruction was improperly given ; first, for the reason that it directs the jury how they shall find upon the evidence, thereby interfering with their special power ; second, that the evidence thus introduced was not sufficient to justify the court in thus instructing the jury to find for the plaintiffs. If the bills of exchange had been properly drawn, and acceptance refused and the drawer duly notified of such non-acceptance, or non-payment, there was no question of fact for the determination of the jury, but a computation of the amount due. The obligation of the drawer, the sufficiency of the protest, and the effect of the act of the legislature upon such contracts should be construed by the court ; and where there is no controversy as to the facts, especially where the evidence is documentary, we do not consider the court as interfering with the

special province of the jury, by directing them as to the application of such evidence to the law that must govern the case, and how they should find. Where there is a conflict in evidence, and although the court may be fully satisfied in its mind as to which way the jury should find, it should, however, leave such conflict entirely to the jury.

It is urged by the appellant that the evidence did not justify the instructions of the court to the jury, and under this objection there are several questions presented which demand the consideration of this court. It is claimed by the appellant that said bills were not duly presented for payment upon the day on which they became due. The bills were drawn in Iowa, where the law merchant, which allows three days of grace, was in force, and were made payable in the State of New York, where the law provides, "that all checks, bills of exchange, or drafts, appearing upon their face to have been drawn upon any bank, which are on their face payable on any specified day, or in any number of days after the date or sight thereof, shall be deemed due and payable on the day mentioned for the payment of the same, *without any days* of grace being allowed, and it shall *not be necessary to protest the same for non-acceptance.*" By the law of New York the appellant was not entitled to any days of grace, and the holder thereof had a right to demand payment thereon on the day they became due. The question then follows which law shall govern; that of the place where the contract was made, or that of the place of payment. Without referring to the many cases in which this question has been decided, and to the various treatises upon bills of exchange in which this subject is fully considered, we conclude that "it is well settled that the law of the place where a draft is made payable is to govern in respect to the allowance of days of grace upon a bill of exchange, or check drawn in one state upon another." Edwards on Bills 522. If this rule is to apply, the bills sued upon were presented at the proper time.

It is claimed however that the said bills were not properly protested for non-payment or non-acceptance, and that

appellant was not duly notified of such non-acceptance and non-payment. The bills being what are termed by the commercial law foreign bills of exchange, by the requirements of such law the same should be properly protested when not accepted, in order to charge the drawer or indorser. By the statute of New York, as above referred to, in force when these bills became due the holder was not required to have them protested for non-acceptance. We do not understand this act, however, as changing the commercial law so as to do away with all notice to the drawer of dishonor. The commercial law, however, was in full force in Iowa where the contract was made, and the *lex loci contractus* must govern as to the extent and nature of the drawer's liability. Story 598, 599. "Where a bill is drawn in one state and indorsed in another, and accepted and dishonored in a third, the rights of the holder can only be secured by a compliance with the laws of the three different, and as to each other, foreign and independent states." Edwards on Bills 264. Under this law the rights of the drawer of the bills sued on, were to be governed by the law of the state where the contract was made, and if the bills were not paid by the drawee at maturity they should have been protested in accordance with the law of this State.

The next question presented is whether the evidence thus produced, showed that the appellant had due notice of the non-payment of the bills sued on. We think no such notice was proved; that by our law such notice must be proved before the plaintiffs could recover, and that the court erred in instructing the jury, that the plaintiffs were entitled to recover on the evidence introduced. The appellees rely upon the protest introduced as being sufficient under our statute, to establish the fact of such notice. The section of the Code relied upon, reads as follows: " The usual protest by a notary public, without proof of his signature or notarial seal, is evidence of the dishonor, and notice of a bill of exchange or promissory note." The protests accompanying each of these bills of exchange does not state that any notice

was given to the drawer or indorser. The protest, however, is perhaps what may be termed the "usual protest," or the kind known in the commercial law. The notary by such law is not required, nor is it a part of his duty, to give such notice. It may be done by him however. As to whether · such notice can be proved merely by the certificate of the notary, is a question not required to be determined in this case. We do not regard the usual protest, without any statement therein of notice to the drawer or indorser of non-payment, such sufficient evidence of itself, of such notice as will entitle the holder to recover. Such notice must be proved either by the certificate of the notary that the same was given, or by evidence, other than the protest. This question has been so decided by this court in the case of *Sather & Church* v. *Rogers, ante.* Chief Justice WRIGHT in delivering the opinion of the court in that cause, says: "The object of the statute was to make the certificate of the notary evidence without proof of his seal or signature. It is only evidence, however, of the matter therein stated. To make it evidence of what is not stated, and of that which is by no means implied from what is stated, would be an anomaly in legislation, and the law of evidence."

This court has also followed this ruling, in the case of *Bradshaw* v. *Hedge & Heaton, ante,* and we believe it to be correct.

Judgment reversed.