### RINDSKOFF BROS. & CO. v. BARRETT.

1. NEGOTIABLE NOTE: CURRENCY. A note payable in *currency* is not negotiable, under the commercial law; and is not under the Code of 1851, unless it is manifest from its terms that such was the intent of the maker.
2. INTENT. The fact that such a note is made payable at a banking house, in absence of any custom, is not sufficient to show such an intent. When such a custom is relied upon it must be averred and proved. LOWE, C. J. dissenting.

*Appeal from Des Moines District Court.*

THURSDAY, OCTOBER 11.

*Starr, Phelps & Robertson* for the appellant, to the point that at common law a note payable in bank bills is not a promissory note with the ordinary incidents of negotiability, cited *Irvine* v. *Lowry*, 14 Pet. 299; *Jones* v. *Fales*, 4 Mass. 252; *McCormack* v. *Trotter*, 10 Serg. & R. 94.

*M. D. Browning* for the appellee.

WRIGHT, J.—This action was instituted upon an instrument in writing, styled a promissory note, dated April 13th 1857, due July 1st, 1858, payable to Geo. S. Eaton or order,

for five hundred dollars in *currency*, at the Banking House of White, Cook & Co., in the City of Burlington, and signed by the defendant.

The question made by counsel, and the only one we have to determine, is, whether this instrument is negotiable with all the incidents of negotiability, so as to cut off defenses made by the maker against the assignee thereof.

There is no good ground for claiming the instrument to be negotiable, as a promisory note, at common law. It is payable in *currency* and not in money and is not therefore a promissory note; *Irvine* v. *Lowry*, 14 Peters 299 ; Edwards on B. & N. 140. Has our statute changed this rule? The section relied upon is, that such instruments promising to pay a sum of money or property, are negotiable with all the incidents of negotiability, *whenever it is manifest from their terms that such was the intent of the maker*, but the use of the words "order," or "bearer," alone will not manifest such intent. Section 950.

There is nothing in this case, other than the word "order" which seems to manifest the intent of the maker to make the intsrument negotiable, unless it is the fact that it is made payable at a Banking House. And this in our opinion, independent of some custom, is not sufficient. If it be claimed that such instruments are negotiable, and understood to be so, under an existing custom, such custom should be averred and proved. But without more than is shown in this instance, we cannot conclude that this fact is sufficient to manifest the intent to make the instrument negotiable, within the meaning of the section cited[1].

Lowe, C. J., *dissenting.*—It is well understood that according to the current of authorities in this country the note sued on in this case, would not be negotiable under the com-

---

1. See *Clapp* v. *Cedar County*, 5 Iowa 52 ; *Merchants & Mechanics Bank of Chicago* v. *Hewett*, 3 Ib. 101; *Peddicord & Wyman* v. *Whittam*, 9 Ib. 471.

mercial law, or under many of the statutes of other States in the Union. See Edwards on Bills & Promissory Notes, p. 264, 285 and authorities cited.

But the statute of this State modifies these laws, and under section 950 of the Code, I do not doubt myself that it was the intention of the parties to make this a negotiable instrument. It is not only manifested by the word "order," (which, to be sure, is not always to be a conclusive test,) but the further fact that it was to be paid at a certain banking house, showing that it was to take a commercial direction. And is it not reasonable to presume that the words, "in currency," were inserted simply to control a well known custom among bankers to collect in specie unless the note was so qualified either in the body thereof or in the margin, where the sum to be paid is usually designated in figures? This case in my opinion should have been affirmed.