## GRAYDON, SWANWICK & Co. v. PATTERSON & Co.

1. PROMISSORY NOTE: PAYMENT IN CURRENCY TO AN AGENT. Ordinarily the holder of a promissory note is not bound to receive in payment of the same anything but money or coin at its true value; and if the holder is a mere agent, he has no right, unless specially authorized so to do, to accept any thing else in lieu of money.

2. SAME. A payment in currency to the holder, who was the collecting agent of the payee of a promissory note, of a sum equal to the amount due thereon, does not when not controlled by some custom known to, or some authority conferred or ratified by, the principal, operate to discharge the notes.

*Appeal from Dubuque City Court.*

WEDNESDAY, JUNE 4.

PLAINTIFFS sue upon a note payable to the order of Graydon, McCreary & Co., at the Bank of Langworthy & Bros., in Dubuque. The payees indorsed it in blank, and delivered it to the plaintiffs. Before maturity, it was sent to the bank for collection. From the testimony, it appears that one of the defendants had funds on deposit with the bank, and drew his check, payable in currency, for the amount of the note, and handed the same to the bank officers. Langworthy & Bros. then wrote on the note that they had received the full amount thereof, (stating it,) in "Illinois currency," and gave to defendants a receipt to the effect, that the note had been paid without specifying in

what or in what manner.   It appears that they were doing a general collecting and banking business; that it was their custom to take currency in payment of notes sent to them for collection; that the currency thus paid or received varied with the kind then used in the community; and that the check received, had never been tendered back to defendants, nor the currency therein named, when the note was sent for collection, there were no instructions given as to the manner of its collection; nor as to the funds they were to receive.

The court charged the jury, that this currency could not be regarded as payment, unless the bank was instructed to receive it, or the plaintiffs afterwards accepted it.

Verdict and judgment for plaintiffs.

*Bissell, Mills & Shiras* for the appellants, contended: 1. That when a note is sent to a bank for collection, and the bank presents such note for payment, and receives without objection, the check of the makers drawn on the bank, in which such makers have funds, payable in currency used by business men in the ordinary transaction of business, it amounts to a payment of the note. *The Bank of Orleans* v. *Smith*, 3 Hill, 560.   2. That as the evidence shows that it was the custom of the banks in Dubuque to receive checks upon themselves, payable in currency, in payment of notes held by them for collection, a payment made in that manner without objection discharged the note; and if the bank has violated instructions, the plaintiff must look to it, and not to the defendant for damages; 8 Yerg. (Tenn.), 175; 2 Port., 280; 2 Stark. Ev., 1886 (Phil. ed. 1834); *Camidge* v. *Allenby*, 6 Barn. & C., 375.

*J. M. Griffith & W. J. Knight* for the appellee, contended: That an agent to *collect a debt* has no authority to receive

anything in payment of it except *money*, unless he is specially authorized to do so, or after he has done so, the principal ratifies the act; *McCarver et al.* v. *Neally*, 4 G. Greene, 360; *Powell* v. *Henry*, 27 Ala., 612; *Corning et al.* v. *Strong et al.*, 1 Ind., 330; *Kirk et al.* v. *Hiatt et al.*, 2 Id., 322; *McCulloch* v. *McKee*, 16 Penn. St. R., 289; *Todd* v. *Reid*, 4 Barn. & Ald., 210.

WRIGHT, J.—There is no pretense that plaintiffs accepted the currency, nor that they had any knowledge of the check drawn by the defendants for the same. Nor is it shown that they had any knowledge of the custom of the bank, referred to in the testimony. It is equally clear, we think, that while the note was indorsed in blank, defendants were aware that it belonged to plaintiffs, and that Langworthy & Bros., were merely collecting agents. Plaintiffs were, therefore, not required to return the check, unless they are bound by the act of the bank in taking it, and if they are, then the note is paid, and a return would be unavailing.

Our opinion is, that unless authorized to receive currency, or unless the act was subsequently in some manner ratified, the bank had no authority to take it, and the note would not be paid. The rule is, that payment should ordinarily be made in money or coin, and the holder is not bound to accept anything but such money at its true value. And if the holder is a mere agent, he has no right, unless specifically authorized so to do, to accept anything else in lieu of money. (Story Pro. Notes, §§ 389, 115; *Jackson* v. *Bartlett*, John., 361; *Kellogg* v. *Gilbert*, 10 Id., 220; *Caster* v. *Tolcot*, 10 Vermt., 471; *McCarver* v. *Neally*, 1 G. Greene, 360; 2 Parsons on Cont., 126, n. b.)

"Illinois Currency," or "currency," is not money. (*Rindshoff* v. *Barrett*, 11 Iowa, 172.) And aside from some custom authorizing it, authority from the payees to that effect, or ratification, as above explained, the agents had no

right to receive such "currency," or anything else than money.

Affirmed.