## TUCKER v. SHINER.

1. **Parties:** JOINDER OF: NON-NEGOTIABLE NOTE. Under section 2764 of the Revision, an assignor who guarantees the payment of a non-negotiable note, may be joined as a party defendant with the maker.

2. —— PLEADING: JOINDER OF CAUSES IN SAME COUNT. But in such case, the contract of the maker and guarantor being different contracts, and furnishing different causes of action against each, cannot be united in one count, but should, under section 2939 of the Revision, be stated in different ones.

*Appeal from Johnson District Court.*

FRIDAY, APRIL 17.

PLAINTIFF declares upon a non-negotiable note made by the appellant to " The Iowa Central Insurance Co.," making the payee a co-defendant. The indorsement on the note is as follows :

" For value received the Iowa Central Insurance Co., at Iowa city, do hereby assign and transfer the within note to A. G. Tucker, and guaranty its payment, waiving demand and notice." The petition contains but one count.

Defendant moved to dismiss the cause of action as to the company, because said causes of action could not be joined. And further moved to sever the causes of action, for the reason that the causes against the maker and guar-

antor cannot be united *in the same count.* This motion was overruled, and defendant appeals.

*Clark & Haddock* for the appellant.

*Fairall & Boal* for the appellee.

WRIGHT, J. — It was entirely competent and proper for plaintiff to bring his action against the maker and payee of this instrument, whether the company shall be treated as an assignor, or as guarantor of the same. This is the plain meaning of section 2764, of the Revision; and the language there used "and including the parties to negotiable paper," is not to be taken as denying the right to join the maker and assignor, or guarantor of an instrument not negotiable. This section is not more restrictive in this respect than section 1681, of the Code of 1851, and yet it was held, under that statute, that the assignor of a non-negotiable note (payable in property), who had assigned the same with an absolute guaranty, might be joined with the maker. *Peddicord & Wyman* v. *Whittam*, 9 Iowa, 472; and see *Marvin* v. *Adamson et al.*, 11 id. 371, where this construction of the statute is fully sustained.

*1. PARTIES: joinder of: non-negotiable note.*

II. It is declared, that the pleading may include one count only, where the same contract was made by each of the adverse parties, but must include different counts describing the different contracts of the adverse parties, when, as in the case of maker and indorser, the same contract was not made by all (Rev. § 2939).

*2. PLEADING: joinder of causes in same count.*

Thus the law is written. It is not a question whether the appellant in this case was injured, as that word is sometimes used, by uniting the statement of plaintiff's cause of action against the indorser in the same count against her; but what are her rights as here declared.

And as to this there can be scarcely room for doubt. The law makers in their wisdom have required this division. We are not at liberty to disregard the command. The reasons for it we need not consider, though it might not be difficult to show their force. For this error, the cause is reversed and remanded.