## Huse v. Hamblin *et al.*

## Same v. McDanniels *et al.*

## Same v. Flint *et al.*

1. **Bills and notes:** NON-NEGOTIABLE PAYABLE IN CURRENCY. An instrument, payable in *"currency,"* is not negotiable at common law, nor under the statute (Rev. § 1797), unless it is manifest from the terms of the instrument that such was the intent of the parties. The use of the word ' order " or " bearer " will not alone manifest such intent. Following *Rinksoff Bros. & Co.* v. *Barrett*, 11 Iowa, 172.

2 —— RULE APPLIED. Certificate of deposite in the following form: " Banking house of P. & S., Buffalo, Feburary 20, 1869. J. McD has depposited in his bank $1,947.68, payable to order of himself in currency, on the return of this certificate, with six per cent interest if

left over one month. (Signed) P. & S." *Held,* that the instrument was not negotiable.

3.—— LEX LOCI : LIABILITY OF INDORSER. The law of the place where the indorsement of paper is made will govern as to the rights and liability of the indorser and indorsee, rather than the law of the place where the instrument indorsed was made.

4.—— CUSTOM. Whether in the present or similar cases evidence would be admissible, that by local custom or law the word "currency" was used and understood as money, *quere.*

5.—— RIGHTS OF ASSIGNEE. The right of the assignee of a negotiable instrument to maintain an action against any or all of the indorsers or assignors thereof is not limited by section 1803 of the Revision.

6.—— LIABILITY OF INDORSERS : DEMAND AND NOTICE. Indorsers of a non-negotiable instrument are liable to indorsers thereof, without demand upon the maker and notice of non-payment.

*Appeal from General Term, Fifth District (Cass County).*

WEDNESDAY, AUGUST 31.

THESE actions are based upon three separate certificates of deposit. The one which is the foundation of the second action is in these words :

"$1,947.68.                                                    No. 61.

"BANKING-HOUSE OF PARSHALL & SCHAUZLAU, }
                "BUFFALO, *February* 20, 1869.    }

"J. McDanniels has deposited in his bank nineteen hundred and forty-seven 68-100 dollars, payable to the order of himself, *in currency,* on the return of this certificate with six per cent interest if left over one month.

[5 ct. stamp.]        "PARSHALL & SCHAUZLAU."

Upon the instrument are the following indorsements :

" Pay to the order of Samuel Hamblin.

                        "J. McDANNIELS."

" Pay to S. E. Huse, or order.

                        " SAMUEL HAMBLIN.'

The instruments sued on in the other actions, are of the precise form of the foregoing, and differ only as to the amounts, numbers, dates, names of payees, and provisions in regard to interest.

The defendants in the suits are the respective indorsers of the certificates. The causes were submitted to the circuit court upon an agreed statement of facts, and a judgment rendered for plaintiffs in each suit, which was affirmed by the general term. Defendants appeal to this court.

*Phillips, Gatch & Phillips* for the appellants.

*Withrow & Wright* for the appellee.

BECK, J.—I. The counsel of defendants maintain, that the instruments which are the foundations of their suits

**1. BILLS AND NOTES : non-negotiable: payable in currency.** are negotiable paper, and, regarding them as such, that they were not duly presented for payment, nor were proper notices of non-payment given to defendants. Upon these questions the counsel have presented learned and diligently prepared arguments. The cases turn upon the question whether the instruments are negotiable ; if not, no questions as to presentation and notice of dishonor can arise.

It is the settled rule of the authorities, that instruments payable in any thing beside money are not negotiable. Such instruments, however, are made negotiable by Revision, section 1797 : "Whenever it is manifest from their *terms* that such was the intent of the makers, but the use of the technical words 'order' or 'bearer' alone will not manifest such intent." A note payable to order in currency, in *Rindskoff Bros. & Co.* v. *Barrett*, 11 Iowa, 172, was held, under this statute, to be non-negotiable. Applying the doctrine of that case to those before us, we must hold that the instruments which are the foundation

of these actions are not negotiable paper. This rule is supported by the following authorities : *Ford* v. *Mitchell*, 15 Wis. 204 ; *Platt* v. *Sauk Co. Bank*, 17 id. 222 ; *Kindsley* v. *McClelland*, 18 id. 481; *Irvine* v. *Lowry*, 14 Pet. 293 ; *Kirkpatrick* v. *McCollough*, 3 Hump. 171 ; *Whiteman* v. *Childress*, 6 id. 303 ; *Fry* v. *Rousseau*, 3 McLean, 106.

The rule, it is contended, is different in New York and Ohio. See *Keth* v. *Jones*, 9 Johns. 120; *Judah* v. *Harris*, 19 id. 144; *Morris* v. *Edwards*, 1 Ohio, 203 ; *Howe* v. *Hartness*, *Hill & Co.*, 10 id. 203. But see upon this question, *Lubee* v. *Goodrich*, 5 Cow. 186 ; *Thompson* v. *Sloan*, 23 Wend. 71; *Little* v. *Phœnix Bank*, 2 Hill, 425; *S. C.*, 7 Hill, 359.

II. Admitting the certificates of deposit to be negotiable under the law of New York, the state where they were issued and made payable, the question arises whether the rule of that state controls the rights and obligations of the holders and indorsees of the paper. The indorsements were made in this state. It is ruled in *Thorp, Smith & Hanchett* v. *Craig*, 10 Iowa, 461, that the law of the place of the contract of indorsement must govern the liability of the indorser. In that case it was held that a party who indorsed commercial paper in Iowa, payable in New York, must be notified of its dishonor according to our law, in order to be held liable thereon. · This may be considered the settled rule of this state, and by the following authorities of other states: *Williams* v. *Wade*, 1 Met.82; *Dow* v. *Rowel*, 12 N. H. 49 ; *Dunn* v. *Adams*, 1 Ala. 527 ; *Yeatman* v. *Cullen*, 2 Blackf. 240; *Russell* v. *Buck*, 14 Vt. 147; *Allen* v. *Merchants' Bank*, 22 Wend. 215.

III. It is argued that " there is now a currency, other than specie, that is a legal tender, or, in other words, money, in which it may well be presumed that

3. —— lex loci: liability of indorser.

4. —— custom.

the parties intended payment should be made." In our opinion the very reverse of this proposition is true. It is evident that it was not intended that payment should be made in coin or "*legal tender*" government notes. The holder of the paper could have demanded payment thereon in "*legal tender*" money, without any words in the instrument indicating the currency in which payment should be made. The instruments most evidently are not payable in coin, nor in notes of the United States which are made legal tender for all debts. Some other medium of circulation is described by the word "currency." We cannot judicially know, and the record is silent upon the point, that the paper is payable in a circulating medium which, under any law or custom, is considered as money, or as equivalent thereto. *Bean* v. *Briggs & Felthauser*, 4 Iowa, 464.

It is probable that competent evidence would have been admitted, if offered, to prove that the word "currency" used in the instrument describes that which, by custom or law, is money, and thus the certificates would have been shown to be commercial paper. *Pilmer* v. *Branch of the State Bank*, 16 Iowa, 321. And it may be that under *Rindskoff Bros. & Co.* v. *Barrett supra*, it would have been competent to prove the existence of a custom having the force of law, or of a local custom, known to the parties, under which the instruments are negotiable. But the record does not show that any such evidence was offered.

IV. The appellants' counsel insist, that if the paper is not negotiable, the plaintiff cannot maintain this action **5. —— rights of assignee.** against any of the defendants, except his immediate assignor. To support this view, section 1803 of the Revision is relied upon. But the evident force of this provision is to give an action, to the assignees without notice of non-negotiable instruments,

against the assignors, and not to limit the action, as contended for, to the immediate assignor of the party bringing it. Section 2764 is held, in *Tucker* v. *Shiner*, 24 Iowa, 334, applicable to actions by assignees against assignors of non-negotiable paper; it authorizes actions, at the option of the plaintiff, against any one or all of the parties bound by such instruments. The plaintiffs, therefore, in the actions before us may recover against all of the defendants.

V. The certificates of deposits being non-negotiable, the indorsers thereof are liable to the holders without demand upon the maker, and notice of non-payment. *Wilson* v. *Ralph & Van Shaick*, 3 Iowa, 450; *Long* v. *Smyser & Hawthorn*, id. 266; *Hall* v. *Monahan*, 6 id. 216; *Billingham* v. *Bryan*, 10 id. 317. And this rule will be applied by this court, though upon proper pleadings an issue to demand and notice was joined in the court below and judgment had thereon. *Billingham* v. *Bryan, supra.*

6. —— liability of indorsers: demand and notice.

The questions, therefore, growing out of demand of payment and notice of dishonor, do not arise in these cases. No other questions being presented in either case, the judgments are

Affirmed.