THE NATIONAL BANK OF MICHIGAN v. GREEN.

1. Pleading: SUFFICIENCY OF COUNTS. Each count of a pleading must be sufficient in itself for the purposes for which it is pleaded; otherwise it is vulnerable to demurrer. It cannot be aided by matter stated in another count.

2. Promissory note: GUARANTY: ILLINOIS STATUTE. The statute of Illinois providing that any assignor of a promissory note shall be liable to the assignee thereof, only where such assignee shall have used due diligence in the institution and prosecution of a suit against the maker, unless such suit would have been unavailing or the maker had absconded, does not apply to the case of a guaranty of payment indorsed on the note.

3. —— The position that the statute in question does not affect the rights of a holder of *negotiable* paper, is not well taken.

4. —— INDORSEMENT: LEX LOCI CONTRACTUS. The indorsement of a promissory note constitutes a distinct contract, and is governed by the law of the State where made.

5. —— DECISIONS OF OTHER STATES. The decisions of another State construing the common law or law merchant applicable to a contract there, do not conclude the courts of this State.

6. —— DISCOUNT OF NOTE NO DEFENSE. A *bona fide* indorsee of negotiable paper is entitled to recover the full amount thereof, without regard to the sum paid therefor.

*Appeal from Clinton Circuit Court.*

TUESDAY, DECEMBER 21.

THE plaintiff claims of defendant the amount of a promissory note of $500 payable to the order of defendant, and indorsed by him in the words and figures following, to wit: "Pay to H. J. Perrin or order; and for value received I hereby guarantee the payment of the within note, E. V. Green." "Pay National Bank of Michigan or order, H. J. Perrin."

The petition alleged the non-payment of the note, that Stephen B. Cogswell, the maker, was, and had been since the making of the note a resident of the State of Illinois; that both of said indorsements were made before the maturity of said note, and that the defendant was a resident of the State of Iowa, and had been since before the maturity of said note, and that in making the first above indorsement the name of the indorsee was left blank originally, the rest being written. To this petition the defendant answered as follows:

1st. "That said note was executed and delivered by said Cogswell to said defendant in the State of Illinois, and that the same was sold and transferred by said defendant in the State of Illinois. That by the laws of the State of Illinois, in force at the time of the making and delivery of said note, and the sale and transfer thereof, it was provided 'that any assignor of a promissory note

should be liable to the action of the assignee thereof, if such assignee shall have used due diligence in the institution and prosecution of a suit against the maker of such assigned note for the recovery of the money due thereon, provided that if the institution of such suit would have been unavailing, or that the maker has absconded or left the State of Illinois, when such note became due, such assignee may recover against the assignor, as if diligence by suit had been used.' That said plaintiff has not used due diligence by the prosecution or institution of a suit against the maker of said note, for the recovery of the money due thereon; that the institution and prosecution of such suit against the maker would not have been unavailing; that the said maker has not absconded nor left the State of Illinois; that said note is secured by a mortgage on real estate, situated at or near Rochelle, in the State of Illinois, and that the said real estate is ample security for the payment of said note, and all the money secured to be paid by said mortgage, and the said defendant says that, by reason of the premises, he is not liable on said note."

2d. " And, for a further and second defense, the said defendant denies that before the maturity of the said note, or at any time, the same was indorsed to said Perrin by writing on the back thereof, in the words and figures set out in said petition; and he alleges that at the time of the transfer of said note by said defendant, the said Perrin was the owner and manager of a bank in the State of Michigan, which, as defendant is informed and believes, was afterward re-organized under the name of the plaintiff, and said Perrin has continued to be the owner and manager of said plaintiff as the successor of the said bank, and the sale and transfer of said note by said defendant was in fact made to said plaintiff, and not to said Perrin; that said sale and transfer was made by said defendant at a discount of ten per cent upon the principal of said note,

and that the only consideration paid therefor by said plaintiff, or received by said defendant, was the sum of $450, and he therefore charges and alleges that the whole amount due and payable by him on said note to said plaintiff, is only the sum of $450, and interest thereon at ten per cent from October 13, 1869." To this answer the plaintiff filed a demurrer, as follows:

1st. " The facts stated in paragraph or division first of said answer are not sufficient to constitute a defense herein in this: First. That the statute therein referred to is not set out in full in said answer. It does not apply to negotiable instruments or to a guarantee of payment; it bars no remedy or right held by the holder of negotiable paper, but gives a new remedy simply. It has no application in any event where the maker of the paper is not a resident of the State in which suit is brought, at the time when suit is brought, and said statute is not a part of the contract but refers to the remedy on it only, and has no force in this State. Second. That the holder of said paper is under no legal obligation to exhaust his remedy against the mortgaged property security for the payment of said paper before commencing suit against the defendant herein."

2d. " That the facts stated in paragraph or division second, of said answer, are not sufficient to constitute a defense herein in this: that the holder of the paper sued on is entitled to recover the whole amount thereof, without regard to the amount paid therefor."

The court overruled the demurrer, and rendered judgment for defendant for costs. Plaintiff appeals.

*Walter I. Hayes* for the appellant.

*E. S. Bailey* for the appellee.

DAY, Ch. J.— It is to be observed that the answer contains two distinct counts, alleging matters which are relied

1. PLEADING: upon by the defendant as distinct defenses to sufficiency of the claim of the petition. This is apparent from the form of the answer, the second count of which begins as follows : " And for a *further* and *second* defense : " the facts alleged in the first count are pleaded as a complete defense, and those in the second count as a partial defense, diminishing the amount of recovery from the sum named in the notes to the amount paid the indorser thereof. Each of these counts must, in itself, be sufficient for the purposes for which it is pleaded, and if not so sufficient it is vulnerable to a demurrer. " Each affirmative matter of defense shall be stated in a distinct division of the answer, and must be sufficient in itself." * * * * Revision, section 2882. " When the facts stated in the answer, or any division thereof, are not sufficient to constitute a defense, set-off, counter-claim, or cross-demand, the adverse party may demur." * * * Revision, section 2894. The demurrer raises specific objections to each of these counts in the answer.

The petition alleges a guaranty, by the defendant, of the note sued on. It is urged that the facts alleged constitute 2. PROMISSORY no defense to the contract of guaranty ; that NOTE: guaranty: Illinois the statute of Illinois does not apply to a case statute. of guaranty. This position is well taken. It is not necessary for the plaintiff to institute legal proceedings against the maker or indorser of a promissory note, to show his insolvency, nor to prove demand and notice of non-payment, in order to establish the liability of a guarantor, but a defendant may discharge himself from liability by showing laches on the part of plaintiff in collecting his debt, and a resulting injury to the defendant. The *onus probandi* rests upon defendant. *Heaton* v. *Hulbut*, 3 Scam. 489 ; *Hance* v. *Miller*, 21 Ill. 636.

This view seems to be conceded by appellee, but he claims that the answer denies that the note was indorsed

by writing on the back thereof, in the words and figures set out in the petition ; that the denial in the answer is as broad and comprehensive as the allegation in the petition, and that the pleadings are to be construed as if no allegation of indorsement, as set out in the petition, appeared therein. It is to be observed, however, that the first count of the answer contains no denial whatever of the indorsement. And, as it must be sufficient of itself, it cannot be supplemented by the allegations in another count. An examination of the entire structure of the answer shows clearly that the denial of the indorsement, in the words and figures set out in the petition, contained in the second count, was not intended to add to or aid in any way the averments of the first count. It is quite apparent that the denial of the indorsement, as alleged, is intended only to show that the note was originally transferred to the National Bank of Michigan, and not to H. J. Perrin, in order to admit the defense that the note was purchased by plaintiff at a discount, and to limit the recovery against the indorser to the amount actually paid therefor.

As the first count does not contain averments of facts sufficient to discharge a guarantor, the demurrer thereto should have been sustained. That the holder of the note is under no legal obligation to exhaust his remedy against the mortgaged property, appellee concedes. The objection that the statute is not sufficiently set out is not urged. The position that the statute bars no remedy or right, held by the holder of negotiable paper, is not well taken. Under the statute the holder cannot charge the indorser by demand and notice of non-payment. He must pursue the course prescribed in the statute. *Bank* v. *Hawly*, 1 Scam. 580; *Chalmers* v. *Moore*, 22 Ill. 359; *Nixon* v. *Weyhrich*, 20 id. 600; *Wilder* v. *De Wolf*, 24 id. 191; *Croskey* v. *Skinner*, 44 id. 321; *Hawkinson* v. *Olson*, 48 id. 277; *Pierce* v. *Short*, 14 id. 144; *Cranch* v. *Hall*, 15 id. 264.

The objection that the statute has no application when

the maker of the paper, at the time suit is brought, is not a resident of the State in which the suit is instituted, is also without foundation. The indorsement constitutes a distinct contract, and is governed by the law of the State where made. *Bond* v. *Bragg*, 17 Ill. 69; *Holbrook* v. *Hibbard*, 2 Scam. 465; *Huse* v. *Hamblin*, 29 Iowa, 501, and authorities there cited.

*4. — indorsement: lex loci contractus.*

II. In objection to the second count it is claimed that the holder of negotiable paper is entitled to recover of the indorser the whole amount thereof without reference to the amount paid therefor. Upon this question the decisions are not in harmony. In Illinois it is held that the indorsee can recover of the indorser only the amount paid for the note. Appellee insists that as this indorsement was made in Illinois the remedy thereon is to be governed by the law of that State without any reference to what may be the law elsewhere. It is to be observed, however, that the second count in the answer which interposes this defense does not aver that the indorsement was made in Illinois; and that there is, of consequence, nothing in this count to bring this indorsement under the operation of the Illinois decisions. And here the propriety of the rule recognized in the foregoing part of this opinion is illustrated. It may be that in this branch of his defense the defendant did not intend to assume the burden of proving that the indorsement was made in Illinois, and that, therefore, he left the averment of that fact out of this count, claiming that, under a proper construction of the law, without reference to the place where the contract was made, his liability as indorser did not exceed the amount received for the note. How manifestly improper, therefore, to incorporate into this count, and either to compel him to prove, or to allow him to derive the benefits of, an allegation contained in another count. And that the decisions of Illinois, construing the common law or law merchant applicable to a contract made

*4. — decisions of other States.*

there, do not conclude the courts of this State as to what the law is. See *Franklin* v. *Twogood*, 25 Iowa, 520.

Without attempting a review of the authorities bearing upon this branch of the demurrer, we deem it sufficient to state as our opinion that the indorsee in good faith of a promissory note, is entitled to recover of the indorser the amount of the note.

*5. —— discount of a note no defense.*

This view has the unqualified indorsement of Mr. Parsons. See 2 Parsons' Notes and Bills, 428. Also, *Durant* v. *Banta*, 3 Dutch. 623 (635). It follows that the demurrer to the second count should have been sustained.

Reversed.