## HADDOCK v. WOODS.

1. **Promissory Notes:** NEGOTIABILITY: CURRENT FUNDS. A note or other written evidence of indebtedness payable in *current funds* is not to be regarded upon its face as negotiable.

2. ——: ——: EVIDENCE. In an action upon such paper it is competent to show by parol evidence the peculiar meaning of the term *current funds*, and that the parties understood it to mean money.

3. ——: ——: ——. While the understanding of the parties respecting the conditions of the contract cannot be shown by parol, their understanding of the meaning of the words used therein may be competent.

*Appeal from Jasper Circuit Court.*

TUESDAY, SEPTEMBER 18.

THIS is an action to recover upon an indorsement made by defendant of a certificate of deposit issued by a bank, which, plaintiff claims, was received by him as evidence of defendant's indebtedness upon the purchase of certain lands against which

plaintiff seeks to establish, in this action, a vendor's lien. The cause was tried to the court without a jury. Upon the facts as found by the court, judgment was rendered for defendant. Plaintiff appeals.

*J. W. Deweese* and *Clark & Haddock*, for appellant.

*W. G. Clements*, and *J. C. Cook*, for appellee.

BECK, J.—I. The certificate of deposit indorsed by defendant is in these words:

"$700.00. B. F. ALLEN'S BANK. No. 16,934.

"DES MOINES, Iowa, March 31, 1874.

"Mrs. Hannah Woods has deposited in this office seven hundred dollars, payable to the order of herself, in current funds, on return of this certificate one year after date, with interest at the rate of seven per cent per annum until due only.

"P. H. S., *Teller*. HARRY WEST, *Cashier*."

II. The court found that plaintiff received the certificate in payment, *pro tanto*, upon the land purchased by defendant. No question is made in the record of the correctness of this finding of fact. It disposes of plaintiff's claim for a vendor's lien, and leaves for determination only the questions growing out of defendant's liability as the indorser of the certificate of deposit, which we will proceed to consider.

III. The court found: 1. That on the 31st day of March, 1875, plaintiff caused the certificate of deposit to be presented for payment at the bank issuing it, which was not made, and, thereupon, he caused notice of the demand of non-payment to be given to defendant at Prairie City, her place of residence. 2. "That at the time the certificate was issued the words therein, '*in current funds*,' were well understood by custom among bankers, business men, and people generally in the city of Des Moines, at Prairie City and generally throughout the country, to mean *money*, and such has been the understanding at both places ever since, and was so understood by the officers of the bank, the defendant and the plaintiff, during all of the

transactions herein mentioned; and also that the certificate was payable in money and was negotiable."

The court found as a conclusion of law, from these facts, that the certificate of deposit is a negotiable instrument and the presentation and demand being before the expiration of the days of grace were insufficient, and defendant was not bound by notice thereof.

IV. The plaintiff insists: 1. That the instrument being payable in current funds, it is not negotiable under the law merchant. 2. That as it is payable in property other than money, and is not by its terms negotiable, it cannot be so regarded under Code, § 2085. 3. That as it is not negotiable by the law merchant, the maker was not entitled to grace. 4. That its negotiability could not be determined upon proof of a custom that the term "current funds" implied, and was understood to mean, that the instrument was payable in money. Standing upon these positions, plaintiff insists that the judgment of the Circuit Court is erroneous. We are now required to consider some of the questions of law thus presented for our determination.

V. It is the settled doctrine of this court that paper payable in *current funds* is not to be regarded, upon its face, as negotiable. *Huse v. Hamblin*, 29 Iowa, 501; *Rindskoff Bros. & Co. v. Barrett*, 11 Iowa, 172.

*1. PROMISSORY note: negotiability: current funds.*

VI. It is equally well settled that in an action upon such paper it is competent to show, by parol evidence, the peculiar meaning of the term, *current funds*, and that the parties to the paper knew that it meant *money*. *Pilmer v. The Branch State Bank*, 16 Iowa, 321; *Huse v. Hamblin, supra*.

*2. —: —: evidence.*

The correctness of the rule is so fully vindicated in the first of these cases, that nothing more need be said in its support.

VII. Plaintiff, while admitting that it is competent to prove the meaning of the term *current funds*, insists the *understanding* of the parties cannot be shown except by the instrument itself. It is true that the *understanding* which the parties had of the contract may not be

*3. —: —: —.*

shown by oral evidence, but it is not true that their understanding of the meaning of terms used therein cannot be shown. Indeed, a party must be presumed or shown to understand the language of his contract before it can be regarded as having had his assent. We do not understand the language of the finding to imply that the court found the *understanding* of the parties as to the conditions of the contract, but as to the meaning of words used therein. It is clearly to the effect that the term *current funds* was understood by all parties to the paper to mean money.

VIII. The court having found that the certificate is payable in money—that, by its very terms, such is its meaning, it is to be regarded as an instrument negotiable by the law merchant. Code, § 2082. The maker, therefore, was entitled to grace, and the presentation and demand were premature. Notice at that time of dishonor of the paper given defendant did not bind her.

IX. Plaintiff insists that, as the pleading did not allege the paper to be negotiable under a custom, it could not, upon the trial, be so shown and held. In support of this position *Rindskoff Bros. & Co. v. Barrett*, 11 Iowa, 172, is cited and claimed to be in conflict with the Circuit Court's decision. It is there held that to authorize recovery on an instrument negotiable under a custom, the custom must be averred and proved. The point in this case is, that a custom known to the parties, whereby the meaning of certain terms used in an instrument is fixed, may be shown by oral evidence. Our ruling upon this point is not in conflict with the case relied upon by plaintiff.

Other questions presented in the argument of counsel need not be passed upon. The case is disposed of upon the points above discussed.

AFFIRMED.

ADAMS, J., *dissenting.*