## HADDOCK v. THE CITIZENS NATIONAL BANK.

1. **Negligence:** BANKS: CUSTOM. A certificate of deposit upon an insolvent bank was sent by an indorsee to the defendant bank for collection, and was protested for non-payment on the day of its maturity. In an action to charge the defendant with negligence in failing to allow grace, and thereby discharging the indorser, it was held that evidence of a custom among the banks of the place to treat such certificates as payable without grace was admissible, and that the defendant, having acted in accordance with such custom, was not chargeable with negligence, though the instrument was in fact negotiable and entitled to grace.

*Appeal from Polk Circuit Court.*

MONDAY, APRIL 26.

THE plaintiff being the holder of a certificate of deposit sent it to the defendant for collection. Through the negligence of the defendant in not protesting it for non-payment on the proper day, as the plaintiff claims, the indorser was discharged, and this action is brought to recover such damages as the plaintiff sustained by reason of such negligence. Trial to the court, judgment for the defendant, and plaintiff appeals.

*Chas. A. Finkbine,* for appellant.

*Barcroft, Given & McCaughan,* for appellee.

SEEVERS, J.—The certificate of deposit was issued by " B. F. Allen's bank," at Des Moines, Iowa, and was dated March 31, 1874, payable one year after date in " current funds." There was evidence tending to show that " current funds " meant legal tenders and national bank notes. The certificate was protested for non-payment on the 31st day of March, 1875. This same certificate was before us in *Haddock v. Woods,* 46 Iowa, 433, and it was there held under the finding of the court in that case that " current funds meant money;" the certificate was negotia-

1. NEGLIGENCE: banks : custom.

ble, entitled to grace, and had been protested too soon, and for that reason the indorser was discharged.

In this case there is no finding of facts, and there is no evidence tending to show that "current funds" means money unless national bank notes are money. There is perhaps a doubt whether anything not a legal tender is money in such sense that a bill of exchange or promissory note payable in such thing is negotiable. It is possible this court might not be agreed as to such question; we, therefore, pass it, and only allude thereto lest our silence might be misconstrued.

For the purposes of this case it must be conceded the certificate, being in effect payable in national bank notes, was negotiable and entitled to grace. It was, therefore, not protested at the proper time, and the indorser was thereby discharged. Does this constitute negligence on the part of the defendant entitling the plaintiff to recover? The rule on all hands is conceded to be that the defendant was bound to use such diligence as careful and prudent persons engaged in the same employment usually and ordinarily would exercise under the same circumstances.

There was evidence tending to show, and we find that there was a custom existing among the banks and bankers at Des Moines in relation to certificates of deposit issued by any bank in said city, and that such custom was that they were payable without grace. The defendant, therefore, presented the certificate for payment and caused it to be protested in accordance with this custom. The appellant insists such evidence was inadmissible because the certificate being negotiable was entitled to grace under the statute, and that evidence is inadmissible of a custom which nullifies a statutory provision. Whether this is true or not under the facts we shall not stop to inquire; it will be conceded. As between the holder and maker of the certificate, it has been held such evidence was not admissible. *Perkins v. Franklin Bank*, 21 Pick., 483. In that case the action was commenced against the defendant on a "post note" issued by it on the

day the note was due if it was not entitled to grace.  It was sought to prove that because of a custom such notes were payable without grace, and, therefore, the action was not brought before the note was due.  The subsequent case of *The Mechanics' Bank v. The Merchants' Bank*, 6 Met., 13, was an action against the defendant for negligently failing to present for payment and protest for non-payment on the proper day a "post note" issued by the same bank and of the same character as in the case previously cited.  The demand and protest were made on the day the note was due, without grace, and the defendant introduced evidence that such was the usage and custom of the banks in Boston.  The evidence was held admissible, and that the plaintiff could not recover. The principle upon which the decision rests, briefly stated, is that the defendant, having acted as prudent bankers ordinarily would under the same circumstances, could not be held guilty of negligence.  The case fully meets the requirements of that at bar, and the reasoning upon which it is based meets our approval.

It must also be borne in mind that the certificate on its face was not negotiable, and the demand and protest were well made on the day it was but for the custom that "current funds" meant money or national bank notes, and because of this it became a negotiable instrument entitled to grace. The fact of negotiability was, therefore, a mixed question of law and fact.  Admitting the defendant was bound to know the law, this is not true as to the matter of fact.  In relation to the latter, it is possible the defendant was bound to inquire as to the meaning of the words "current funds."  The doubt as to whether the defendant was bound to so inquire, and whether it would be bound to act in accordance with the information received, is caused by the fact that it did not have the power to administer oaths or compel the attendance of witnesses; but conceding it to be true, what then?  Such inquiry being made, it would have been developed that "current funds" meant legal tenders and national bank notes.

Regarding the certificate as being payable in national bank notes, the defendant must determine at its peril whether it was negotiable. This being determined in the affirmative, inquiry would have shown another custom to the effect that the certificate was payable without grace. The defendant must then determine which of these customs it would follow. Suppose it adopts the latter, and upon the trial the jury should find according to the weight of evidence no such custom existed, would it follow that the defendant was guilty of negligence? We think not, because the true question is not as to whether it was true in fact as to such custom, but whether the defendant had good reason to so believe, and acted in good faith upon such belief, as a careful and prudent person engaged in the same business would ordinarily have done. There is no question as to the good faith of the defendant, and the evidence warrants the conclusion, and no other, that it acted as any other bank or banker would have done under the same circumstances; therefrom the conclusion follows that the defendant was not guilty of negligence.

When the certificate was sent to the defendant the direction accompanied it to "protest if not paid. Have your notary to be very particular in regard to his notice to Hannah Woods, indorser." This it is said amounts to a declaration on the part of plaintiff that the certificate was negotiable, and the defendant should have so understood, because if not negotiable a protest was unnecessary to charge the indorser. No direction, however, was given as to the day the protest should be made, nor was it said the certificate was negotiable, and we do not think the defendant should have inferred it was directed to protest on one of the days of grace. If it had so done, and it had turned out to be wrong, we do not think the defendant could have shielded itself by reason of the direction given. But conceding the claimed proposition to be true, we have then a case where the protest could have been legally made on the 1st, 2d or 3d day of April. It was in fact made on the 31st day of March, and the certificate with the

evidence of protest deposited in the post-office at Des Moines on the 1st day of April, directed to the plaintiff or her agent at Prairie City, about twenty-five miles distant. There was a daily mail each way between these places. J. B. Haddock, a witness for the plaintiff, and who sent the certificate to the defendant as agent of the plaintiff, testified: "I suppose I received it (the certificate of deposit and protest) by due course of mail." It must, therefore, have been received either on the 1st or 2d day of April, depending on the time it was deposited in the post-office. If it was not received until the 2d, and admitting the direction given when the certificate was sent to the defendant amounted to an instruction to protest on one of the days of grace, the plaintiff so knew when the certificate and protest were received by her. So knowing, it was her duty to have returned the certificate to the defendant by the succeeding mail, with directions to make another demand and protest. If this had been done it would have reached the defendant by due course of mail on the 3d of April, and, as we have seen, a demand and protest on that day would have been sufficient to charge the indorser. We have no means of knowing whether the mail leaving Prairie City on the 3d of April would have reached Des Moines before the close of banking hours on that day, but if such was not the case we think the plaintiff should have introduced evidence so showing. Even if the defendant was guilty of negligence it was the duty of the plaintiff, if it could be done by the exercise of reasonable and ordinary diligence, to have protected herself and the defendant from loss. If it be true the plaintiff knew or had reason to believe, the demand had not been made on the proper day, she should, if it could be done have remedied the wrong; such would have been the ordinary course a careful and prudent business man would have taken. If she did not so know or so believe, then the defendant cannot be charged with negligence in failing to infer the direction given amounted to an instruction.

It was said by Chief Justice Marshall in *Bank of Wash-*

*ington v. Triplett,* 1 Pet., 25, that the "bank was the agent of the holder, not of the drawer, and might consequently so act as to discharge the drawer without being liable to its principal." If this be not true as applied to the case at bar, the case of *Haddock v. Woods,* before cited, is distinguishable from the present in a material and important particular. In that case there was no evidence tending to show the custom among bankers to regard certificates of deposit as being payable without grace. Whether if it had been shown the decision would have been different it is not material to inquire, as this case depends upon a different principle.

AFFIRMED.