MILTON FEDER, Appellee, v. W. G. ELLIOTT et al., Appellants.

**BILLS AND NOTES:  Holdership in Due Course—Jury Question.** A
1  directed verdict in favor of the transferee of a fraud-induced nego-
tiable promissory note is proper when there are *no facts or circum-
stances* established in the testimony that in any way impeach the
testimony in behalf of said transferee that he purchased the note
(1) in due course, (2) before maturity, and (3) for an adequate
consideration.

**BILLS AND NOTES:  Negotiability—Payment in "Current Funds."**
2  An instrument otherwise negotiable is not rendered nonnegotiable
by the fact that it calls for payment in "current funds."

*Appeal from Buchanan District Court.*—G. W. WOOD, Judge.

JUNE 28, 1924.

REHEARING DENIED SEPTEMBER 20, 1924.

ACTION on two certificates of deposit issued by the Farmers & Merchants Bank, of which the defendants are the owners, as partners. The court directed a verdict for the plaintiff, and the defendants appeal.—*Affirmed*.

*Edwards, Longley, Ransier & Harris* and *M. A. Smith,* for appellants.

*Lane & Waterman* and *R. J. O'Brien,* for appellee.

FAVILLE, J.—I. This action is brought upon two certifi-

cates of deposit of $1,000 each, which are identical, and are as follows:

"The Farmers & Merchants Bank     72-1119

No. 3167

Aurora,   Iowa.    Dec.   10,   1918,   $1000.00

W. G. Hopkins has deposited in this bank

Certificate   Pay $1000.00   .   .   ·   .   .   Dollars

of        Payable to the order of self in current funds

Deposit    on the return of this certificate properly en-

Not subject   dorsed 6 months after date with interest at

to check.    4 per cent per annum for the time specified

only. .

No interest after maturity.         ·

W. G. Elliott

Cashier."

The certificates were duly indorsed by the payee, W. G. Hopkins. The evidence discloses that the certificates were issued by appellant Elliott, as cashier of said bank, as part payment on a certain land contract entered into between Elliott and the Daniel Hayes Company, for the purchase of certain real estate in the state of California. Appellants offered evidence to show that the certificates of deposit were obtained by false and fraudulent representations made to Elliott by the representatives of the Daniel Hayes Company. Thereupon, it became incumbent upon appellee to establish that he was a purchaser of said certificates of deposit in due course. Appellants contend that the case presented a jury question, and that the trial court erred in directing a verdict for appellee.

1. BILLS AND NOTES: holder-ship in due course: jury question.

We have frequently had a similar situation before us for consideration, and have repeatedly announced the rules of law applicable to such cases. The appellants having offered testimony in regard to the fraudulent representations that induced the execution of the certificates of deposit, the burden then rested upon appellee to establish that he was a holder in due course. Code Supplement, 1913, Section 3060-a59; *State Bank of Chicago v. Oyloe Piano Co.,* 195 Iowa 1152; *Anderson Sav. Bank v. Hopkins,* 195 Iowa 655; *Smith v. Breeding,* 196 Iowa 670:

*Second Nat. Bank v. Scanlon,* 196 Iowa 1305; *Arnd v. Jones,* 197 Iowa 244.

We have also frequently recognized the two lines of decisions under this rule: one where the evidence that the payee of a negotiable instrument is a holder in due course may be so indubitable as to make it the duty of the court to direct a verdict in behalf of the holder of such instrument, even though it be established that the instrument was procured by fraud on the part of the original payee; and the other line of cases holding that, although the payee may offer testimony direct and positive to the effect that he is a holder in due course, the facts and circumstances surrounding the transaction, as shown by the evidence, may be such as to leave the question as to whether or not payee is a holder in due course one for the determination of the jury, and in such event the court should not direct a verdict in behalf of the holder. The authorities on said propositions are collected in *Second Nat. Bank v. Scanlon,* supra. See, also, *Arnd v. Jones,* supra.

We have carefully examined the record in this case, and it appears therefrom that the certificates of deposit in question were sold for the face value thereof to appellee prior to their due date, and that, at the time of said purchase, appellee had no knowledge or information of any kind or character in relation to the transaction between the issuing bank and the payee. There are no facts or circumstances established in the testimony that in any way tend to impeach the testimony in behalf of appellee that he did so purchase said certificates of deposit in due course before maturity and for an adequate consideration. If the instruments in question are negotiable instruments, then, under the record, it must be held that appellee was a purchaser in due course, and that the court did not err in directing a verdict in his behalf.

II.    It is urged by appellants that the certificates of deposit in question are not negotiable instruments, because of the provisions therein that the amount specified is to be paid "in

current funds." This is the important question in this case.

2. BILLS AND
NOTES: negotia-
bility: payment
in "current
funds."

This question first came before this court in 1860, in the case of *Rindskoff Bros. & Co. v. Barrett,* 11 Iowa 172, wherein we held that an instrument payable "in currency" was not payable in money, and therefore was not a promissory note.

In *Pilmer v. Branch of The State Bank at Des Moines,* 16 Iowa 321, decided in 1864, we considered a draft made payable "in currency." The action was brought by the payee against the drawer of the instrument. Justice Dillon discussed at length the meaning of the words "in currency," and held that "it calls for payment in anything which circulates current as money," and that, as between the original parties, the evidence of bankers, business men, and others was competent to show what, in popular meaning, or among business men, bankers, etc., the word "currency" meant at Chicago, where the draft was payable at its date.

In 1870, in *Huse v. Hamblin,* 29 Iowa 501, we considered a certificate of deposit in a bank which was made payable "in currency," and held that the instrument was not negotiable paper.

In *Huse v. McDaniel,* 33 Iowa 406, we again held that certificates of deposit payable "in currency" were not negotiable paper, citing *Huse v. Hamblin,* supra.

In *Haddock v. Woods,* 46 Iowa 433, suit was brought on a certificate of deposit made payable "in current funds." We held that the paper was nonnegotiable. The same rule is recognized in *American Emigrant Co. v. Clark,* 47 Iowa 671.

The Negotiable Instrument Law was enacted in 1902. By Code Supplement, 1913, Section 3060-a1, it is provided that a negotiable instrument "must contain an unconditional promise or order to pay a sum certain in money;" and by Section 3060-a6 it is provided that:

"The validity and negotiable character of an instrument are not affected by the fact that:

"1. It * * *

"5. Designates a particular kind of current money in which payment is to be made."

Two cases in which reference has been made to this question have been before this court since the enactment of said statute. *Dille v. White*, 132 Iowa 327, was decided in 1906. The assumption of the nonnegotiability of the checks therein involved, which were made payable "in current funds," was rather incidental than in any manner determined by the decision of the case. The Negotiable Instrument Law was not referred to in the opinion in this connection, and no question appears to have been raised as to the negotiability or nonnegotiability of the instruments. The case goes no further at this point than to assume *arguendo* that the checks were nonnegotiable, under *Huse v. Hamblin,* supra, and *Huse v. McDaniel,* supra. It cannot be said to be determinative of the question now before us.

The other case is *Park v. Best,* 176 Iowa 7, decided in 1916. The question now presented for decision was not directly involved in that case. We said:

"The court also held that the certificates of deposit, being made payable in current funds, were nonnegotiable. * * * There is but little dispute upon the facts of the case, and it is contended as a matter of law that the findings and judgment of the trial court are without sufficient support in the record. This calls first for a consideration of the character or nature of the certificates of deposit. The court held them to be nonnegotiable instruments, and, as this is in line with appellant's contention, we will, without passing upon that point, accept it as the law of the case. We are of the opinion, also, that, upon the theory of the case as tried, and the court's ruling admitting evidence as to the true intent of the parties, the question as to whether the paper was or was not negotiable is immaterial."

It is apparent that the case is not decisive of the question before us. It therefore follows that we have not passed upon the question of the negotiability of instruments otherwise negotiable that are made payable "in current funds," since the adoption of the Negotiable Instrument Law.

The phrase "current funds," as used in the certificates of deposit in suit, is the equivalent of "current money," as used

in the Negotiable Instrument Act. Both expressions mean whatever is receivable and current by law as money. The legislature, by the passage of the Negotiable Instrument Act, has expressly provided that the negotiable character of an instrument is not affected by the fact that it designates a particular kind of current money in which payment is to be made. Under the terms of the statute, instruments otherwise negotiable are not rendered nonnegotiable because made payable in current funds. The great weight of authority also sustains this conclusion. *Bull v. Bank of Kasson*, 123 U. S. 105 (31 L. Ed. 97); *Laird v. State*, 61 Md. 309; *Lacy v. Holbrook*, 4 Ala. 88; *Bank of Peru v. Farnsworth*, 18 Ill. 563; *Swift v. Whitney*, 20 Ill. 144; *Galena Ins. Co. v. Kupfer*, 28 Ill. 332; *Marc v. Kupfer*, 34 Ill. 286; *Hunt v. Divine*, 37 Ill. 137; *Wood v. Price*, 46 Ill. 435; *Telford v. Patton*, 144 Ill. 611; *Hatch v. First Nat. Bank*, 94 Me. 348; *Phoenix Ins. Co. v. Allen*, 11 Mich. 501; *Phelps v. Town*, 14 Mich. 374; *Black v. Ward*, 27 Mich. 191; *Swetland v. Creigh*, 15 Ohio 118; *Howe v. Hartness, Hill & Co.*, 11 Ohio St. 449; *Citizens' Nat. Bank v. Brown*, 45 Ohio St. 39 (11 N. E. 799); *Judah v. Harris*, 19 Johns. (N. Y.) 144; *Chrysler v. Renois*, 43 N. Y. 209; *Pardee v. Fish*, 60 N. Y. 265; *Bainbridge v. Owen*, 2 J. J. Marshall (Ky.) 463; *McCormick v. Kampmann* (Tex. Civ. App.), 109 S. W. 492; *Butler v. Paine*, 8 Minn. 324; *Burton v. Brooks*, 25 Ark. 215; *Echols v. Grattan*, 42 Ga. 547; *Fry v. Dudley*, 20 La. Ann. 368; *Mitchell v. Hewitt*, 13 Miss. 361; *Millikan v. Security Tr. Co.*, 187 Ind. 307 (118 N. E. 568); *Kirkwood v. First Nat. Bank*, 40 Neb. 484 (58 N. W. 1016); *Klauber v. Biggerstaff*, 47 Wis. 551 (3 N. W. 357); *First St. Bank v. Hidalgo Land Co.* (Tex. Civ. App.), 257 S. W. 275.

We reach the conclusion that the instruments in suit were negotiable instruments.

The judgment of the district court is affirmed.—*Affirmed.*

ARTHUR, C. J., EVANS, PRESTON, STEVENS, and VERMILION, JJ., concur.